### IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

Selena Boston, Jalisa Rhodes,   )
Lutisha Martinez, and Lanette Washington,  )
                     )      **CIVIL FILE ACTION NO**.
       Plaintiffs,      )      <u>1:23-CV-0752</u>
v.                 )
                     )
Micah Sierra 'Katt' Williams, Tatiana   )      **JURY TRIAL DEMANDED**
Smith and John Doe 1-15,     )
                     )
       Defendant.      )

### SECOND AMENDED
### COMPLAINT FOR DAMAGES

COMES NOW Selena Boston, Jalisa Rhodes, Lutisha Martinez and Lanette Washington, plaintiffs in the above-styled case, by and through their undersigned counsel, and hereby files this personal injury action against Defendants Micah "Katt" Williams ("Katt Williams"), Tatiana Smith ("Smith"), and John Does 1-15, and in support thereof, allege as follows:

## INTRODUCTION

1.

This action is brought pursuant to Georgia state law based on claims of assault, battery, false imprisonment, intentional infliction of emotional distress against plaintiffs Boston, Rhodes, Martinez and Washington ("plaintiffs") who sustained injuries at the hands of and as a result of the conduct of Defendants Katt Williams, Smith, and John Does 1-15 in Atlanta, Fulton County, Georgia on February 28, 2016.

## TOLLING OF STATUTE OF LIMITATION
## PURSUANT TO O.C.G.A. § 9-3-99

2.

On July 14, 2017, Defendants Katt Williams and Smith were indicted by a Fulton County, Georgia grand jury, to wit: Indictment no. 17sc153303.[1] (See attached Exhibit "A" – Fulton County Superior Court Indictment entered July 14, 2017).

3.

Defendants Williams and Smith were charged with the following crimes against the above-named plaintiffs: one (1) count of Entering Automobile O.C.G.A. §16-8-18, one (1) count of Battery O.C.G.A. §16-5-23; two (2) counts of Theft by Taking O.C.G.A. §16-8-2; one (1) count of Entering Automobile or Other Motor Vehicle with

---

[1] This was a re-indictment. The original indictment was case no. 16sc-146946.

the Intent to Commit Theft O.C.G.A. §16-8-18; one (1) count of Sexual Battery O.C.G.A. §16-6-22.1(C), and three (3) counts of Simple Battery O.C.G.A. §16-5-23.

4.

The above-referenced criminal proceedings were concluded upon motion by the Fulton County District Attorney's office and entry of "Order Granting Motion to Nolle Prosequi" by Fulton County Superior Court Judge Hon. Rachel Krause on December 7, 2021. [2] (See attached Exhibit "B" – Order entered December 7, 2021).

5.

This action is timely pursuant to O.C.G.A. § 9-3-99 which provides:

> The running of the period of limitations with respect to any cause of action in tort that may be brought by the victim of an alleged crime which arises out of the facts and circumstances relating to the commission of such alleged crime committed in this state shall be tolled from the date of the commission of the alleged crime or the act giving rise to such action in tort until the prosecution of such crime or act has become final or otherwise terminated, provided that such time does not exceed six years, except as otherwise provided in Code Section 9-3-33.1.

6.

The date of the crimes committed against the plaintiffs was February 28, 2016 and the criminal case concluded on December 7, 2021.

---

[2] The plaintiffs who were the victims of these crimes were not consulted nor notified by the district attorney's office these charges would be dismissed against these defendants in violation of Crime Victims Restitution Act.

7.

Therefore, the statute of limitations was tolled until December 7, 2023 which encompasses the two-year statute of limitations for most Georgia torts, at the earliest, and February 28, 2022, at the latest, pursuant to O.C.G.A. § 9-3-99.

8.

Plaintiffs' original action was filed with this Court on January 21, 2022. Plaintiffs' renewal action was filed on February 17, 2023.

9.

Based upon either calculation, plaintiffs' claims are well within the statute of limitations and this action is timely.

## **RENEWAL ACTION**

10.

This action was originally brought on January 21, 2022 in this Court and was subsequently dismissed without prejudice on November 8, 2022. (See attached Exhibit "C" – Order entered November 8, 2022).

11.

Plaintiffs bring this action under F.R.C.P. Rule 41 and Georgia's renewal statutes, O.C.G.A. §§ 9-11-41 and 9-2-61, within six months after this Court's dismissal on February 17, 2023.

12.

Plaintiffs have complied with all statutory prerequisites for the filing of a renewal action, including prepayment of any known court costs following a good faith inquiry from the previously dismissed action, to wit: Selena Boston, Jalisa Rhodes, Lutisha Martinez, and Lanette Washington v. Micah Sierra 'Katt' Williams, Tatiana Smith and John Doe 1-15, Civil File Action no. 1:22-CV-00261.

## PARTIES

13.

Plaintiffs Selena Boston ("Boston"), Jalisa Rhodes ("Rhodes"), Lutisha Martinez ("Martinez") and Lanette Washington ("Washington") (hereinafter collectively "plaintiffs") are, and at all times relevant hereto, residents of the State of North Carolina and submit themselves to the jurisdiction of this Court.

14.

Defendant Katt Williams is a resident of the State of Georgia and reside at 5343 Legends Drive, Braselton, Gwinnett County, Georgia at all times relevant hereto was a resident of the State of Georgia. Defendant Katt Williams may be served with process at this address.

15.

Defendant Smith is a resident of the State of Georgia and reside at 5343 Legends Drive, Braselton, Gwinnett County, Georgia, at all times relevant hereto was a resident of the State of Georgia. Defendant Smith may be served with process at this address.

16.

Plaintiffs do not know the true names of the defendants named in this Complaint by fictitious names or otherwise thus, the unmodified term "defendant" refers to all defendants whether set forth in this Complaint by their true names or fictitious name. Notwithstanding, upon information and belief, at all relevant times hereto, each Defendant was the agent, servant, partner and/or employee of Defendant Katt Williams and/or Smith and was acting at all relevant times within the course and scope of his or her respective agency and employment.

**JURIDICTION AND VENUE**

17.

Plaintiffs submit to the jurisdiction of this Court. Defendants Katt Williams and Smith are residents, have a business and/or office in, or registered agent for service

residing in the State of Georgia. This Court has personal jurisdiction over the parties to this action and the claims pled herein pursuant to U.S.C. §1332.

18.

The venue of this action is proper in the Northern District of Georgia as the incident made the basis of this lawsuit occurred in Fulton County, Georgia.

19.

The amount in controversy sought by plaintiffs far exceed the $75,000 jurisdictional amount, not counting interest and costs of court, because there are four ("4") named plaintiffs with five (5) causes of action.

20.

Jurisdiction and venue are proper with this Court.

## FACTS COMMON TO ALL COUNTS

21.

On or about February 28, 2016 at approximately 2:00 a.m., plaintiffs were attempting to visit a local lounge (hereinafter "the Establishment") located at 817 West Peachtree Street, Atlanta, Fulton County, Georgia, when they encountered Defendant Katt Williams, his entourage, and his personal security team. Immediately prior to their encounter approximately fifteen (15) people exited approximately seven (7) black SUV vehicles.

22.

Defendant Katt Williams approached the plaintiffs while they were walking toward the Establishment.  At said time and place, plaintiffs Boston and Martinez requested Defendant Katt Williams take a photograph with them.

23.

Defendant Katt Williams took photographs with plaintiffs. Plaintiff Boston showed no interest in taking a photograph with Defendant Katt Williams and began to walk away toward the Establishment.

24.

Defendant Katt Williams became angry and irate and while following the plaintiffs, began to verbally attack Boston while repeatedly referring to her as a "bitch" and "Big Freeda."   Plaintiff Boston responded by saying comedian "Kevin Hart [was] funnier" than Defendant Katt Williams.

25.

Defendant Katt Williams retreated to one of the seven black SUVs and returned with three (3) females who began to physically attack the plaintiffs.

26.

Defendant Katt Williams tackled plaintiff Boston to the ground and he and Defendant Smith continued to physically and violently attack her, including but not limited to, striking her about her head with their fists, kicking and stomping her with their feet and ripping the crotch from her clothing.

27.

While the Defendant Smith was attacking plaintiff Boston, Defendant Katt Williams violently snatched the plaintiffs' cellphones and shoes and threw the items across Cypress Street.

28.

Plaintiff Washington attempted to render aid to plaintiff Boston when she was violently and physically attacked by one of the females and Defendant Katt Williams' security detail, including but not limited to, being kicked on her right leg causing her injuries.

29.

While plaintiff Rhodes was attempting to re-enter their vehicle, one of Defendant Katt Williams' security detail violently snatched Rhodes' cellphone from her hand resulting in her hand being fractured.

30.

Plaintiff Martinez ran back to her vehicle in order to call 9-1-1. Plaintiff Martinez was chased and physically and violently attacked by one of Defendant Katt Williams' security details.

31.

Said security detail grabbed and tossed plaintiff Martinez into the street and away from her vehicle; entered her vehicle and took her cellphone to prevent her from calling 9-1-1.

32.

The plaintiffs were eventually able to escape to re-enter their vehicle, locked the doors and repeatedly called 9-1-1, however, plaintiffs were prevented from leaving the scene of the incident because the front and back of their vehicle was blocked by three of Defendant Katt Williams' SUVs.

33.

Moreover, Defendant Katt Williams stood in front of their vehicle and pointed a gun toward the plaintiffs while "flashing" street gang signs.

34.

Defendant Katt Williams also spat on the vehicle the plaintiffs occupied while one the three ("3") females took photographs of their vehicle.

35.

Plaintiff Boston sustained injuries to her entire body, including injuries to her head, neck, back, hand and busted knees.  As a result of her injuries, plaintiff Boston had to seek medical treatment at a local hospital emergency room.

36.

Plaintiff Martinez sustained injuries to her entire body including bruises and contusions to her legs, back, knees and foot.

37.

Plaintiff Rhodes sustained injuries to her entire body, including contusion to her eye and a fractured hand. As a result of her injuries, Plaintiff Rhodes had to seek medical treatment at a local hospital emergency room and thereafter.

38.

Plaintiff Washington sustained injuries to her entire body including bruises and contusions to her knee.

39.

After the incident, Defendant Katt Williams told the police and numerous media outlets the plaintiffs approached him and began "harassing, filming and taking pictures of him and wouldn't get away from him."

40.

Defendant Katt Williams also informed numerous media outlets the plaintiffs became angry and one of them snatched his chain from his neck, and only began fighting with the plaintiffs because he felt his property had been stolen.

41.

Defendant Katt Williams further informed numerous media outlets "[h]is security team then saw what was going on and began to approach the [plaintiffs]" and "[a]t one point during the scuffle, one of the females stated she was going to her car to get something to 'pop somebody.'"

42.

Plaintiffs did not at any time incite Defendant Katt Williams, his entourage or security detail; call the Defendant a name, or refer to Defendant in any insulting or disparaging way, nor did plaintiffs attempt to steal the Defendant Katt Williams' chain necklace.

43.

As a direct and proximate result of the Defendant Katt Williams' and Defendant Smith's conduct, plaintiffs suffered physical, emotional and reputational injuries.

## COUNT ONE

### Assault Pursuant to O.C.G.A. § 51-1-14

44.

Plaintiffs incorporate by reference the facts set forth above.

45.

On or about February 28, 2016, Defendant Katt Williams and Smith intentionally, willfully, wantonly and maliciously threatened and physically attacked the plaintiffs, spat on the vehicle the plaintiffs accompanied by the plaintiffs and pointed a gun at the plaintiffs while they were confined in their vehicle in a manner so as to cause plaintiffs reasonable apprehension of imminent harm, and to reasonably believe they were about to be struck in a harmful and offensive manner. Due to Defendants' prior acts of threats toward plaintiffs, including, but not limited to, actually hitting plaintiffs, a reasonable person in plaintiffs' situation would have been offended by the threatened, violent touching.

46.

Defendant Katt Williams punched plaintiff Boston in her head and tackled her to the ground.  While on the ground, Defendant Katt Williams placed his hands inside of plaintiff's blouse in an attempt to touch her breast and ripped the crouch out of the pants plaintiff was wearing causing her to bleed and requiring medical treatment.

47.

During this violent attack, Defendant Katt Williams summoned three females, including Defendant Smith, from his entourage and instructed them to attack all of the named plaintiffs.

48.

Defendant Smith kicked plaintiff Boston in her back throwing her to the ground while the other females attacked plaintiffs Rhodes, Martinez and Washington.

49.

One unnamed female Defendant violently stuck plaintiff Rhodes injuring her hand which subsequently required medical attention.

50.

Unnamed male Defendants who were members of Defendant Katt Williams' security detail grabbed the plaintiffs an snatched their cellphones.

51.

One unnamed male Defendant chased Plaintiff Martinez to her vehicle and physically attacked her. This Defendant tossed her onto the street and reached into her vehicle and took her cellphone.

52.

The plaintiffs locked themselves into their vehicle and Defendant Katt Williams pointed a gun toward them while "throwing" up gang signs.

53.

At no time during the events described herein, nor at any time prior thereto, did plaintiffs consent to any of Defendants' threatened conduct.

54.

As a direct and proximate result of the actions of Defendants threats, coupled with their present ability to carry them out, plaintiffs felt the imminent apprehension of such contact, and they therefore suffered severe emotional distress and other injuries to their person.

55.

As a direct and proximate result of the actions of Defendant, Plaintiff sustained injuries to his person which necessitated medical care and treatment for which Plaintiff incurred hospital, medical and incidental expenses.

## COUNT TWO

### Battery Pursuant to O.C.G.A. § 51-1-13

56.

Plaintiffs incorporate by reference the facts set forth above.

57.

On or about February 28, 2016, Defendants intentionally and recklessly did acts which resulted in offensive contact with the plaintiffs' person, including but not limited to: violently physically attacking the plaintiffs about their person.

58.

Defendant Katt Williams punched plaintiff Boston in her head and tackled her to the ground.  While on the ground, Defendant Katt Williams placed his hands inside of plaintiff's blouse in an attempt to touch her breast and ripped the crouch out of the pants plaintiff was wearing causing her to bleed and requiring medical treatment.

59.

During this violent attack, Defendant Katt Williams summoned three females, including Defendant Smith, from his entourage and instructed them to attack all of the named plaintiffs.

60.

Defendant Smith kicked plaintiff Boston in her back throwing her to the ground while the other females attacked plaintiffs Rhodes, Martinez and Washington.

61.

One unnamed female Defendant violently stuck plaintiff Rhodes injuring her hand which subsequently required medical attention.

62.

Unnamed male Defendants who were members of Defendant Katt Williams' security detail grabbed the plaintiffs an snatched their cellphones.

63.

One unnamed male Defendant chased Plaintiff Martinez to her vehicle and physically attacked her. This Defendant tossed her onto the street and reached into her vehicle and took her cellphone.

64.

The plaintiffs locked themselves into their vehicle and Defendant Katt Williams pointed a gun toward them while "throwing" up gang signs and spat on the vehicle the plaintiffs occupied.

65.

Defendants did these acts with the intent to cause a harmful or offensive contact with the body of the plaintiffs.

66.

As a direct and proximate result of such acts of the Defendants, plaintiffs sustained injuries to their entire body, including but not limited to, hand, face, torso, arms and legs which necessitated medical care and treatment, for which plaintiffs incurred hospital, medical and incidental expenses.

## **COUNT THREE**

### **False Imprisonment**

67.

Plaintiffs incorporate by reference the facts set forth above.

68.

The plaintiffs were eventually able to escape the physical attacks of the Defendants and their entourage and security detail to re-enter their vehicle. The plaintiff locked their car door and repeatedly called 9-1-1.

69.

As they were attempting to leave the scene, the Defendants parked three black SUV vehicles, two in the front of the car and the other in the rear, blocking the vehicle plaintiffs occupied and preventing them from leaving the scene.

70.

Moreover, Defendant Katt Williams stood in front of their vehicle and pointed a gun toward the plaintiffs while "flashing" gang signs.

71.

Defendants intentionally and unlawfully detained and/or restrained the plaintiffs in their vehicle against their will and without their consent.

72.

As a direct and proximate result of Defendants' acts, plaintiffs suffered actual physical, financial and emotional harm.

## COUNT FOUR

## Intentional Infliction of Emotional Distress Pursuant to O.C.G.A. § 51-12-6

73.

Plaintiffs incorporate by reference the facts set forth above.

74.

Upon information and belief, plaintiffs allege such acts of Defendants were intentional, extreme and outrageous.   At the time and place described herein, Defendants verbally attacked plaintiff while repeatedly referring to Plaintiff Boston as a "bitch" and "Big Freeda."   Defendants physically attacked the plaintiffs by, including but not limited to, tackling and striking them about their person, kicking and stomping them, ripping the crotch from their clothing, and snatching their cellphones, shoes and other personal items; by pointing a gun at the plaintiffs and "flashing" gang signs while being unlawfully restrained in their vehicle.

75.

More particularly, Defendant Katt Williams punched plaintiff Boston in her head and tackled her to the ground.   While on the ground, Defendant Katt Williams placed his hands inside of plaintiff's blouse in an attempt to touch her breast and ripped the crouch out of the pants plaintiff was wearing causing her to bleed and requiring medical treatment.

76.

During this violent attack, Defendant Katt Williams summoned three females, including Defendant Smith, from his entourage and instructed them to attack all of the named plaintiffs.

77.

Defendant Smith kicked plaintiff Boston in her back throwing her to the ground while the other females attacked plaintiffs Rhodes, Martinez and Washington.

78.

One unnamed female Defendant violently stuck plaintiff Rhodes injuring her hand which subsequently required medical attention.

79.

Unnamed male Defendants who were members of Defendant Katt Williams' security detail grabbed the plaintiffs an snatched their cellphones.

80.

One unnamed male Defendant chased Plaintiff Martinez to her vehicle and physically attacked her. This Defendant tossed her onto the street and reached into her vehicle and took her cellphone.

81.

The plaintiffs locked themselves into their vehicle and Defendant Katt Williams pointed a gun toward them while "throwing" up gang signs and spat on the vehicle the plaintiffs occupied.

82.

Plaintiffs believe and allege that such actions were done deliberately, with the intent to cause serious emotional distress or with reckless disregard of the probability of causing plaintiffs' serious emotional distress.

83.

As a direct and proximate result of Defendants' acts, plaintiffs suffered severe emotional distress and continues to suffer emotional distress.

## COUNT FIVE

### Punitive Damages Pursuant to O,C.G.A. § 51-12-5.1

84.

Plaintiffs incorporate by reference the facts set forth above.

85.

The Defendants targeted the plaintiffs.

86.

Defendants' intentional and premeditated acts showed willful misconduct, malice, wantonness, oppression or that entire want of care which would raise the presumption of conscious indifference to consequences.

87.

Plaintiffs, therefore, pursuant to O.C.G.A. § 51-12-5.1(b), are entitled to recover punitive damages against Defendants in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment on all counts set forth in their Complaint and as follows:

(a) For a trial by jury;

(b) For a judgment in plaintiffs' favor and against Defendants, jointly and severally;

(c) For the sum of $5,000,000.00 for each plaintiff in future general/compensatory damages, to include pain and suffering, emotional distress and mental anguish suffered by each plaintiff because of the Defendants' conduct;

(d) For special damages, to include medical and incidental expenses;

(e) For punitive damages in an amount to be determined at trial of this case;

(f) For pre-judgment and post-judgment interest;

(g) For reasonable attorney fees, costs and expenses in bringing of this action against the Defendants; and

(h) Granting any and all such other and further legal and equitable relief as

the Court deems necessary, just and proper.

This the 1<u>st</u> day of July 2024.

HALE LAW FIRM, P.C.


<u>/s/LOLETHA DENISE HALE</u>
**LOLETHA DENISE HALE, ESQ.**
Georgia Bar No.  317523

Attorney for Plaintiffs
Post Office Box 793
Jonesboro, Georgia  30237
Ph: 678.610.0970
halelawfirmpc@yahoo.com

FJ14. Markle

NF

## RE-INDICTMENT OF
### 16SC146946

Clerk No. *17SC153303*

### FULTON SUPERIOR COURT

| THE STATE OF GEORGIA | | |
|---|---|---|
| V. | 1 | AGGRAVATED ASSAULT O.C.G.A. §16-5-21 |
| | 2 | AGGRAVATED BATTERY O.C.G.A. §16-5-24 |
| JOHN DOEY  Ct 3 & 15 | 3 | ENTERING AUTOMOBILE O.C.G.A. §16-8-18 |
| DA #: 16DA09624 *1442*4234 | 4 | CRIMINAL DAMAGE TO PROPERTY IN THE |
| TATIANA SMITH  Ct 14 | | SECOND DEGREE O.C.G.A. §16-7-23 |
| DA #: 16DA09623 *1410*1677 | 5 | BATTERY O.C.G.A. §16-5-23.1 |
| MICAH WILLIAMS  Ct 1, 2, 4, 5, 6, | 6 | BATTERY O.C.G.A. §16-5-23.1 |
| 7, 8, 9, 10, 11 & 12 | 7 | BATTERY O.C.G.A. §16-5-23.1 |
| DA #: 16DA03249 | 8 | THEFT BY TAKING  O.C.G.A. §16-8-2 |
| | 9 | ENTERING AUTOMOBILE OR OTHER MOTOR |
| | | VEHICLE WITH INTENT TO COMMIT THEFT |
| | | OR FELONY O.C.G.A. §16-8-18 |
| | 10 | SEXUAL BATTERY O.C.G.A. §16-6-22.1(C) |
| | 11 | SIMPLE BATTERY O.C.G.A. §16-5-23 |
| | 12 | SIMPLE BATTERY O.C.G.A. §16-5-23 |
| | 14 | SIMPLE BATTERY O.C.G.A. §16-5-23 |
| | 15 | THEFT BY TAKING O.C.G.A. §16-8-2 |

*True* BILL

July 14 , 20 17

Grand Jury Foreperson

**FILED IN OFFICE**
JUL 14 2017
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

PERSONID: 1046064

PAUL L. HOWARD, JR., District Attorney



The Defendant waives copy of indictment, list of witnesses, formal arraignment and pleads _____ Guilty.

_____
Defendant

_____
Attorney for Defendant

_____
Assistant District Attorney

This____day of_____,_____

The Defendant waives copy of indictment, list of witnesses, formal arraignment and pleads _____ Guilty.

_____
Defendant

_____
Attorney for Defendant

_____
Assistant District Attorney

This____day of_____,_____

The Defendant waives copy of indictment, list of witnesses, formal arraignment and pleads _____ Guilty.

_____
Defendant

_____
Attorney for Defendant

_____
Assistant District Attorney

This____day of_____,_____

# STATE OF GEORGIA, COUNTY OF FULTON

# IN THE SUPERIOR COURT OF SAID COUNTY

## THE GRAND JURORS, selected, chosen and sworn for the County of Fulton, to wit:

| | | | |
|---|---|---|---|
| 1. | Brian Casner, Foreperson | 14. | Mock, Envie |
| 2. | Lee Freeman, Asst. Foreperson | 15. | Morris, Steve |
| 3. | Dana Sample, Secretary | 16. | Phillips, Ralph |
| 4. | Rachel Farmer, Asst. Secretary | 17. | Phillips, Tyler |
| 5. | Bolich, Ken | 18. | Reeves, John |
| 6. | Chalk, Robin | 19. | Rigby, Coleman |
| 7. | Clark, Sharon | 20. | Robinson, Dana |
| 8. | Farrell, Rochell | 21. | Stishanok, Aleksey |
| 9. | Grooms, Yvonne | 22. | Sullivan, William |
| 10 | Haugabrook, Sidney | 23. | Wyette, Tim |
| 11. | Lapworth, Paul | 24. | ~~Adams, Michael — ALT 1~~ |
| 12. | ~~Liang, Kuo Chen~~ | 25. | ~~Bolton, Quivina — ALT 2~~ |
| 13. | Linnihan, Susan | 26. | ~~Minduser, Susan — ALT 3~~ |

in the name and behalf of the citizens of Georgia, do charge and accuse **MICAH WILLIAMS** with the offense of **AGGRAVATED ASSAULT O.C.G.A. §16-5-21,** for the said accused, in the County of Fulton and State of Georgia, on the **27th** day of **April, 2016, did unlawfully commit an assault upon the person of KEVIN OLIVEIRA by throwing a salt shaker at him, an object which, when used offensively against a person, did result in serious bodily injury;** -contrary to the laws of said State, the good order, peace and dignity thereof;

## COUNT 2 of 14

and the Grand Jurors aforesaid, in the name and behalf of the citizens of Georgia, do charge and accuse **MICAH WILLIAMS** with the offense of **AGGRAVATED BATTERY O.C.G.A. §16-5-24,** for the said accused, in the County of Fulton and State of Georgia, on the **27th day of April, 2016, did maliciously cause bodily harm to KEVIN OLIVEIRA by seriously disfiguring his lip; accused having accomplished this act by hitting him with a salt shaker;** -contrary to the laws of said State, the good order, peace and dignity thereof;

## COUNT 3 of 14

and the Grand Jurors aforesaid, in the name and behalf of the citizens of Georgia, do charge and accuse **JOHN DOEY** with the offense of **ENTERING AUTOMOBILE O.C.G.A. §16-8-18,** for the said accused, in the County of Fulton and State of Georgia, on the **28th day of February, 2016, did unlawfully enter a certain automobile, to wit: a 2008 Chrysler Aspen, a motor vehicle and the property of LUTISHA MARTINEZ, with the intent to commit a theft;** -contrary to the laws of said State, the good order, peace and dignity thereof;

### COUNT 4 of 14

and the Grand Jurors aforesaid, in the name and behalf of the citizens of Georgia, do charge and accuse **MICAH WILLIAMS** with the offense of **CRIMINAL DAMAGE TO PROPERTY IN THE SECOND DEGREE O.C.G.A. §16-7-23**, for the said accused, in the County of Fulton and State of Georgia, on the **28th day of February, 2016, did intentionally and without the consent of the owner damage an Iphone, the property of TYRELL WILLIAMS; said damage being done by accused knocking said phone to the ground; said damage to said property exceeding $500.00;** -contrary to the laws of said State, the good order, peace and dignity thereof;

### COUNT 5 of 14

and the Grand Jurors aforesaid, in the name and behalf of the citizens of Georgia, do charge and accuse **MICAH WILLIAMS** with the offense of **BATTERY O.C.G.A. §16-5-23.1**, for the said accused, in the County of Fulton and State of Georgia, on the **28th day of February, 2016, did intentionally cause visible bodily harm to SALENA BOSTON, by forcing SALENA BOSTON to the ground;** -contrary to the laws of said State, the good order, peace and dignity thereof;

### COUNT 6 of 14

and the Grand Jurors aforesaid, in the name and behalf of the citizens of Georgia, do charge and accuse **MICAH WILLIAMS** with the offense of **BATTERY O.C.G.A. §16-5-23.1**, for the said accused, in the County of Fulton and State of Georgia, on the **27th day of April, 2016, did intentionally cause  visible bodily harm to TYRELL WILLIAMS, by striking TYRELL WILLIAMS about the face with accused's fist;** -contrary to the laws of said State, the good order, peace and dignity thereof;

### COUNT 7 of 14

and the Grand Jurors aforesaid, in the name and behalf of the citizens of Georgia, do charge and accuse **MICAH WILLIAMS** with the offense of **BATTERY O.C.G.A. §16-5-23.1**, for the said accused, in the County of Fulton and State of Georgia, on the **28th day of February, 2016, did intentionally cause visible bodily harm to KEVIN OLIVEIRA, by throwing a salt shaker at KEVIN OLIVEIRA;** -contrary to the laws of said State, the good order, peace and dignity thereof;

### COUNT 8 of 14

and the Grand Jurors aforesaid, in the name and behalf of the citizens of Georgia, do charge and accuse **MICAH WILLIAMS** with the offense of **THEFT BY TAKING O.C.G.A. §16-8-2**, for the said accused, in the County of Fulton and State of Georgia, on the **28th day of February, 2016, did unlawfully take an Iphone valued at $1500.00 dollars or less, the property of LUTISHA MARTINEZ with the intention of depriving said owner of the property;** -contrary to the laws of said State, the good order, peace and dignity thereof;

## COUNT 9 of 14

and the Grand Jurors aforesaid, in the name and behalf of the citizens of Georgia, do charge and accuse **MICAH WILLIAMS** with the offense of **ENTERING AUTOMOBILE OR OTHER MOTOR VEHICLE WITH INTENT TO COMMIT THEFT OR FELONY O.C.G.A. §16-8-18**, for the said accused, in the County of Fulton and State of Georgia, on the **28th day of February, 2016, did unlawfully enter a certain automobile, to wit: a 2008 Chrysler Aspen, a motor vehicle and the property of LUTISHA MARTINEZ, with the intent to commit a theft;** -contrary to the laws of said State, the good order, peace and dignity thereof;

## COUNT 10 of 14

and the Grand Jurors aforesaid, in the name and behalf of the citizens of Georgia, do charge and accuse **MICAH WILLIAMS** with the offense of **SEXUAL BATTERY O.C.G.A. §16-6-22.1(c)**, for the said accused, in the County of Fulton and State of Georgia, on the **28th day of February, 2016, did intentionally make physical contact with the  primary genital area  of the body of SALENA BOSTON, without her consent;** -contrary to the laws of said State, the good order, peace and dignity thereof;

## COUNT 11 of 14

and the Grand Jurors aforesaid, in the name and behalf of the citizens of Georgia, do charge and accuse **MICAH WILLIAMS** with the offense of **SIMPLE BATTERY O.C.G.A. §16-5-23**, for the said accused, in the County of Fulton and State of Georgia, on the **28th day of February, 2016, did intentionally make physical contact of an insulting or provoking nature with the person of SALENA BOSTON, by kicking her;** -contrary to the laws of said State, the good order, peace and dignity thereof;

## COUNT 12 of 14

and the Grand Jurors aforesaid, in the name and behalf of the citizens of Georgia, do charge and accuse **MICAH WILLIAMS** with the offense of **SIMPLE BATTERY O.C.G.A. §16-5-23**, for the said accused, in the County of Fulton and State of Georgia, on the **28th day of February, 2016, did intentionally make physical contact of an insulting or provoking nature with the person of JALISA RHODES by hitting her;** -contrary to the laws of said State, the good order, peace and dignity thereof;

## COUNT 13 of 14

and the Grand Jurors aforesaid, in the name and behalf of the citizens of Georgia, do charge and accuse **TATIANA SMITH** with the offense of **SIMPLE BATTERY O.C.G.A. §16-5-23**, for the said accused, in the County of Fulton and State of Georgia, on the **28th day of February, 2016, did intentionally make physical contact of an insulting or provoking nature with the person of SALENA BOSTON, by kicking SALENA BOSTON;** -contrary to the laws of said State, the good order, peace and dignity thereof;

## COUNT 14 of 14

and the Grand Jurors aforesaid, in the name and behalf of the citizens of Georgia, do charge and accuse **JOHN DOEY** with the offense of **THEFT BY TAKING O.C.G.A. §16-8-2,** for the said accused, in the County of Fulton and State of Georgia, on the **28th day of February, 2016, did unlawfully take an Iphone valued at $1500.00 dollars or less, the property of JA'LISHA RHODES with the intention of depriving said owner of the property;** -contrary to the laws of said State, the good order, peace and dignity thereof.

**PAUL L. HOWARD, JR., District Attorney**

Related Clerk No:  16SC146946

Complaint #:  160590363

| Defendant | DA # | Race | Sex | Birthdate | OTN | Agency |
|---|---|---|---|---|---|---|
| DOEY, JOHN | 16DA09624 | | | | | |
| SMITH, TATIANA | 16DA09623 | Black | Female | 12/16/1991 | 88403462932 | Atlanta Police Department |
| WILLIAMS, MICAH | 16DA03249 | Black | Male | 09/02/1971 | | |

## WITNESS LIST

Salena Boston

████████████████

Joe Clayton

Corey Dixon

Lolitha Hale

Kevin Oliveira

████████████████

Jalisa Rhodes

████████████████

Lathosa Robin

████████████████

Lanette Washington

Detric Wheeler

J. DAVIS - Atlanta Police Department 4439

C. GURLEY - Atlanta Police Department 3511

E. HENRY - Atlanta Police Department 2688

D. JENKINS - Atlanta Police Department 4747

J. PHILLIPS - Other Law Enforcement Agencies 9788

G. ROLFE - Atlanta Police Department 6400

R. WHALEY - Atlanta Police Department 6521

SC

Fulton County Superior Court
***EFILED***TG
Date: 12/7/2021 4:39 PM
Cathelene Robinson, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **STATE OF GEORGIA** | ) | |
| | ) | |
| **v.** | ) | **INDICTMENT NO. 17SC153303** |
| | ) | **JUDGE RACHEL KRAUSE** |
| **JOHN DOEY** | ) | |
| **TATIAN SMITH** | ) | |
| **MICAH WILLIAMS** | ) | |
| | ) | |
| **Defendant.** | ) | |

### ORDER GRANTING MOTION TO NOLLE PROSEQUI

The Motion to Nolle Prosequi Indictment No. **17SC153303** submitted by the State of Georgia, by and through Deputy District Attorney Marshal Hodge, and without objection from the Defendant, after consideration, and pursuant to O.C.G.A § 17-8-3, the Motion to Nolle Prosequi is hereby granted.

SO ORDERED this _____7th_____ day of ___Dec._____ 2021.

The Honorable RACHEL KRAUSE
Judge, Fulton County Superior Court



PLAINTIFF'S
EXHIBIT
B

Case 1:22-cv-00261-WMR    Document 20    Filed 11/08/22    Page 1 of 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Selena Boston, Jalisa Rhode,
Lutisha Martinez and Lanette
Washington,

    Plaintiffs,

      v.

Micah Sierra (Katt) Williams,
Tatiana Smith and John Does
1-15,

    Defendants.

CIVIL ACTION FILE
NO. 1:22-cv-261-WMR

## ORDER

WHEREAS, the Plaintiffs filed this action on January 21, 2022 [Doc 1];

WHEREAS, on August 16, 2022, the Court Ordered the Plaintiffs to provide proof of service on the Defendants on or before August 30, 2022 [Doc 17];

WHEREAS, on August 31, 2022, the Plaintiffs requested an extension of time to perfect service [Doc 18]; and,



WHEREAS, on September 9, 2022, the Court granted Plaintiffs' request and extended the deadline to serve the Defendants an additional forty-five (45) [Doc 19];

NOW, THEREFORE, it is hereby ORDERED as follows:

1.

More than ten (10) months have passed since the filing of the Complaint. Sixty-one (61) days have passed since the Court's Order allowing additional time to perfect service. As Plaintiffs have failed to serve the Defendants and have failed to comply with the September 9, 2022 Order, this case is **DISMISSED WITHOUT PREJUDICE.**

SO ORDERED, this 8th day of November 2022.

WILLIAM M. RAY, II
United States District Judge

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the within and foregoing **SECOND AMENDED COMPLAINT FOR DAMAGES** upon opposing counsel via the CM/ECF system, and addressed as follows:

Jeremiah T. Reynolds, *pro hac vice*
433 N. Camden Drive 4th Fl.
Beverly Hills, CA 90210

Donovan D. Potter, *local counsel*
1800 Peachtree Road N.W. Suite 300
Atlanta, Georgia 30309

This 1st day of July 2024.

HALE LAW FIRM, P.C.

/s/LOLETHA DENISE HALE
Loletha Denise Hale, Esq.
Georgia Bar No. 317523
Post Office Box 793
Jonesboro, Georgia 30237
Ph: 678.610.0970

## **LR 5.1 CERTIFICATION**

The above-signed counsel certify that this document has been prepared with 14 point Times New Roman Font.