IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SELENA BOSTON, JALISA RHODES, LUTISHA MARTINEZ, AND LANETTE WASHINGTON    Plaintiffs, vs. MICAH SIERRA 'KATT' WILLIAMS, ET AL.,    Defendants. | CIVIL ACTION FILE NO. 1:23-CV-0752 |

## DEFENDANT MICAH SIERRA 'KATT' WILLIAMS'S REPLY BRIEF IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT

COMES NOW Micah Sierra 'Katt' Williams, by and through undersigned counsel, and hereby files this Reply Brief in support of his Motion for Summary Judgment. Defendant would show the Court the following.

### INTRODUCTION

Seventeen of the twenty-four cases Plaintiffs rely upon in their Response Brief either do not support the rules for which they are cited, reference quotations that do not appear in the cited case, or simply do not appear to exist.[1] The existing and

---

[1] Attached hereto as Exhibit F is a table containing all of the incorrect cases cited by Plaintiff.

applicable case law, laid out in Defendant's original brief, shows that Plaintiffs' claims are time barred, and that Plaintiffs' untimely Requests for Admission responses—which Plaintiffs have not withdrawn—leave no genuine issue of material fact left for a jury to decide. Defendant would briefly respond to the specific issues addressed in Plaintiffs' Response.

I.  **STATUTE OF LIMITATIONS**

   **a. Determining Whether Plaintiffs Were Diligent In Serving Defendant Is Within This Court's Discretion**

Plaintiffs contend that summary judgment is inappropriate where a factual dispute exists regarding diligence of service. Contrary to Plaintiffs' assertions, "[t]he determination of whether the plaintiff is guilty of laches in failing to exercise due diligence in perfecting service after the running of the statute of limitations is a matter within the trial court's discretion…" *Mote v. State Farm Mut. Automobile Ins. Co.*, 375 Ga. App. 303 (2025)

Existing case law is replete with cases where appellate courts have upheld a trial court's use of discretion in dismissing cases due to laches. *See Wilson v. Hearos, LLC*, 128 F.4th 1254 (11th Cir. 2025); *Mote*, 375 Ga. App. 303; *Van Omen v. Lopresti*, 357 Ga. App. 9 (2020). One such case is *Carter v. McKnight*—a case which Plaintiffs rely upon in their brief.[2] 260 Ga. App. 105 (2003). In *Carter*, the trial court

---

[2] Plaintiffs represent that *Carter* stands for the proposition that "[a]t a minimum, whether Plaintiffs acted with due diligence is a question of fact for the jury." Dkt. 55, Pg. 8.

granted a defendant's motion to dismiss. The Georgia Court of Appeals upheld the trial court's dismissal holding the trial court was authorized to find that plaintiffs failed to exercise due diligence in serving the defendant. Simply put, Georgia law is well settled that this Court may use its discretion to grant Defendant summary judgment because Plaintiffs failed to exercise due diligence in serving Defendant.

### b. Plaintiffs' Service Efforts From The Prior Case Are Irrelevant.

Plaintiffs attempt to show diligence by pointing to service efforts made during Plaintiffs' prior suit, 1:22-CV-00261-WNR. This Court dismissed the prior suit on November 8, 2022, because they failed to timely serve Defendant. *See* Dismissal Order attached hereto as "Exhibit G".

Plaintiffs attempt to bring this claim under O.C.G.A. §§ 9-2-61 and 9-11-41 as a renewal action. Dkt. 1, ¶ 3. Furthermore, in an effort to show diligence, Plaintiffs' counsel submitted an affidavit that lists a number of service attempts made upon Defendant. *See* Dkt. 57-6, ¶ 14-36. All but one of these service attempts occurred during the previous suit. Id.

O.C.G.A. § 9-2-61 allows renewal of eligible claims which would otherwise be disposed of on any ground not affecting its merits. *Hobbs v. Arthur*, 264 Ga. 359, 360 (1994). However, the renewal statute does not apply to void cases, and <u>a case is void "if service was never perfected, since the filing of a complaint without perfecting service does not constitute a pending suit."</u> Id. (emphasis added). Even if

renewal is applicable, "the renewal suit is an action *de novo*. As such, the procedural prerequisites of filing the renewed complaint and service of process must be met anew." Id. (emphasis in the original). This is true even if the plaintiff was diligent in serving defendant before voluntarily dismissing the action. *Alston v. Owners Insurance Co.*, 361 Ga. App. 146, 148 (2021).

The record is clear that Plaintiffs never served Defendant in the original action; therefore, the prior action is void. *See* Dkt. 57-6; Exhibit G. Furthermore, this Court has already admonished Plaintiffs that service efforts in the prior case are immaterial. Indeed, in its Order denying Plaintiffs' Motion for Service by Publication, this Court denied Plaintiffs' motion "unless and until Plaintiffs provide proof that they have attempted and failed to serve Defendant *in this second lawsuit*." Dkt. 5 (emphasis added).

Even if this were a valid renewal action, Plaintiffs' burden to demonstrate diligence would be confined to the renewal action. The record before this Court clearly shows that Plaintiffs cannot meet this burden.

### c. Plaintiffs' Own Affidavit Shows They Were Not Diligent In Serving Defendant

Plaintiffs' counsel's affidavit admits to a dispositive fact: between February 17, 2023 and December 29, 2023, **Plaintiffs only attempted service one time**. Dkt. 57-6, ¶ 38-39.

Georgia law places the burden on Plaintiffs to show diligent service. *UHS Peachford v. Brady*, 361 Ga. App. 290, 291 (2021). To meet this burden, plaintiffs must show "specific dates or details to show diligence and cannot rely on conclusory statements." Id. As Defendant points out in his initial brief, there is an unexplained 268-day lapse in Plaintiffs' service efforts. Plaintiffs do not attempt to refute this fact nor offer any new evidence to show they acted diligently. This issue is dispositive, and Defendant is entitled to summary judgment.

**II. REQUESTS FOR ADMISSION**

Plaintiffs argue that under both Fed. R. Civ. P. 36 and O.C.G.A. § 9-11-36, Defendant was required to motion this Court to enforce Plaintiffs' admissions. Once again, this contention is unsupported by existing case law.

As a threshold matter, under the Erie doctrine, federal procedural law, such as the rules of evidence, applies to federal courts sitting in diversity. *See ML Healthcare Services, LLC, Publix Super Markets, Inc.*, 881 F.3d 1293, 1299 (11th Cir. 2018)("rules of procedure encompass rules of evidence…"). Under Fed. R. Civ. P. 36(a)(3), "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." [3] Once a

---

[3] Untimely responses to Requests for Admission are automatically deemed admitted under O.C.G.A. § 9-11-36 as well. *Monolith Companies, LLC v. Hunter Douglas Hospitality, Inc.*, 333 Ga. App. 898, 900 (2015)("[t]he admission that arises from a failure to respond to a request for

matter is admitted, it is "conclusively established unless the court on motion permits withdrawal or amendment of the admission." Fed. R. Civ. P. 36(b).

Plaintiffs do not dispute that their responses to Defendant's Requests for Admission were untimely. Furthermore, despite repeated warnings (*see* Exhibit D), Plaintiffs have not motioned this Court to withdraw their responses; therefore, the facts stand admitted and Defendant is entitled to summary judgment on the merits.

Respectfully submitted this 13th day of August, 2025.

                                         BANKS WEAVER, LLC

                                         ***/s/Gabe Banks***
                                         ***/s/ Payden Grizzle***
                                         Gabe Banks
                                         Georgia Bar No. 721945
                                         Tennessee Bar No. 021377
                                         Payden Grizzle
                                         Georgia Bar No. 270323
                                         *Attorneys for Defendant*

100 Peachtree Street, NW
Suite 2650
Atlanta, Georgia 30303
gabe@banksweaver.com
payden@banksweaver.com
phone: 404-891-9280
fax: 404-891-9283

---

admission in the required time frame arises by operation of law, without necessity for court action.")

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SELENA BOSTON, JALISA RHODES, LUTISHA MARTINEZ, AND LANETTE WASHINGTON | ) ) ) ) | CIVIL ACTION FILE NO. 1:23-CV-0752 |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | |
| MICAH SIERRA 'KATT' WILLIAMS, ET AL., | ) ) ) | |
| Defendants. | ) | |

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY to the Clerk of Court that on this day I have filed the foregoing **REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** with the Court using the CM/ECF System. Notice of this filing will be sent to the below as indicated on the electronic filing receipt:

Loletha Hale Denise Hale, Esq.
**HALE LAW FIRM P.C**.
PO Box 793
Jonesboro, GA 30237
678.610.0970
halelawfirmpc@yahoo.com

-7-

Respectfully submitted this 13th day of August, 2025.

                BANKS WEAVER, LLC

                ***/s/Gabe Banks***
                ***/s/ Payden Grizzle***
                Gabe Banks
                Georgia Bar No. 721945
                Tennessee Bar No. 021377
                Payden Grizzle
                Georgia Bar No. 270323
                *Attorneys for Defendant*

100 Peachtree Street, NW
Suite 2650
Atlanta, Georgia 30303
gabe@banksweaver.com
payden@banksweaver.com
phone: 404-891-9280
fax: 404-891-9283