## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

Salena Boston, Jalisa Rhodes,                )
Lutisha Martinez, and Lanette Washington,   )
                                             )     **CIVIL FILE ACTION NO.**
      Plaintiffs,              )     1:23-CV-0752
                                             )
v.                                           )
                                             )
Micah Sierra 'Katt' Williams, Tatiana        )
Smith and John Doe 1-15,                      )
                                             )
      Defendant.               )

## PLAINTIFFS' AMENDED BRIEF IN OPPOSITION TO DEFENDANT MICAH "KATT" WILLIAMS' MOTION FOR SUMMARY JUDGMENT[1]

COMES NOW SALENA BOSTON, JALISA RHODES, LUTISHA MARTINEZ, and LANETTE WASHINGTON, plaintiffs in the above-styled action (herein collectively "Plaintiffs") through their undersigned counsel, and file Plaintiff's Amended Brief in Opposition to Defendant Micah "Katt" Williams' Motion For Summary Judgment pursuant to Fed. R. Civ. P. Rule 56 and L.R. 56.1, demonstrating the Defendant has not provided any evidence beyond the Court's docket to support his Motion and should be denied based on the following:

---

[1] Plaintiffs' counsel erroneously uploaded and filed the wrong brief and is using the term "amended" opposed to the term "correct" brief in opposition to submit their correct and proper brief because no other option exist in CM/ECF.

PLAINTIFF'S EXHIBIT
A
tabbies

## INTRODUCTION

This action is brought pursuant to the tort laws of Georgia based on claims of Assault pursuant to O.C.G.A. § 51-1-14, Battery pursuant to O.C.G.A. § 51-1-13, False Imprisonment, Intentional Infliction of Emotional Distress pursuant to 51-12-6 and punitive damages pursuant to O.C.G.A. § 51-12-5.1 against plaintiffs at the hands of and as a result of the conduct of Defendant Micah Sierra "Katt" Williams ("Defendant Williams"), and members of his entourage, including Tatianna Smith in Atlanta, Fulton County, Georgia. In Defendant Williams' continued efforts to prevent the merits of this case from being addressed, Defendant motioned this Court for summary judgment due to "lack of due diligence" in serving the Defendant after the statute of limitations ran, and plaintiffs "were not diligent in answering their discovery, thereby admitting the facts alleged in Defendant's Requests for Admission."

## ARGUMENT AND CITATION AUTHORITY

### I. DEFENDANT'S ARGUMENT:

(1) Plaintiffs' claims are time-barred due to plaintiffs' lack of diligence in serving Defendant before the statute of limitations expired.

(2) Defendant is entitled to summary judgment on all of plaintiffs' claims because the facts, as admitted by plaintiffs, leave no genuine issue of material facts.

## II. STANDARD OF REVIEW

Summary judgment is appropriate only when there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. *Fed. R. Civ. P. 56(a)*. The court must view the evidence in the light most favorable to the non- moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). When service and timeliness are in dispute, courts must consider whether the plaintiff exercised due diligence and whether factual questions exist about those efforts. *Griffin v. Trinidad*, 357 Ga. App. 492, 850 S.E.2d 878 (2020) (holding that factual disputes regarding service are to be resolved by the trial court, and [those] findings will be upheld if there is any evidence to support them) (punctuation omitted), quoting *Woodyard v. Jones*, 285 Ga. App. 323, 646 S.E.2d 306 (2007).

### III. PLAINTIFFS EXERCISED REASONABLE DUE DILIGENCE IN EFFECTUATING SERVICE ON THE DEFENDANT.

There is no factual dispute as to the statute of limitations period commencing on December 7, 2021, and ending on December 7, 2023.[2] Plaintiffs filed their original action on January 21, 2022[3] and their renewal action on February 17, 2023, well within the six-month period statutory period. *O.C.G.A.* § 9-2-61. Thus, there is no factual dispute this case was brought within the two-year statute of limitations in both plaintiffs' initial action and subsequent renewal action. Defendant was served on December 29, 2023, and no

---

[2] Defendants' criminal indictment in Fulton County was disposed of on December 7, 2021.
[3] Plaintiffs' original action to wit: 1:22-cv-0026, was dismissed on November 8, 2022.

factual dispute exists as to whether Defendant was properly served. Therefore, no factual dispute exists as to whether plaintiffs complied with both statutory tolling and renewal procedures.

Defendant argues plaintiffs failed to exercise reasonable due diligence in serving the Defendant prior to the expiration of the statute of limitations.

**(a) Plaintiffs exercised reasonable and diligent service.**

In Georgia, a complaint may be served beyond the expiration of the statute of limitations, so long as the timely filing of the pleading is followed by timely service perfected as authorized by law, the subsequent service will relate back to the initial filing even though the statute of limitation has run in the interim." *O.C.G.A.* § 9-11-4 (c). *Griffin v. Trinidad*, 357 Ga. App. 492, 494 (1), 850 S.E.2d 878 (2020). See also *Morris v. Haren*, 52 F.3d 947 (11th Cir. 1995)(where it was held service that is perfected after the statute of limitations has run and more than five days after the complaint was filed will relate back to the date of filing if the plaintiff diligently attempted to perfect service.

It appears Defendant is arguing plaintiffs' service upon him "315 days" after plaintiffs filed their renewal action and "twenty-two (22) days after the statute of limitations expired" demonstrates lack of diligence. Defendant does so without citing any authority to support said argument and fails to consider previous efforts made by plaintiffs in their previous action, along with Defendant's special circumstances. Defendant cites *Mote* in support of their argument where the Georgia Court of Appeals held:

4

[T]he mere passage of time is not dispositive on the question of due diligence.  Just as service made long after the statute of limitation has expired does not necessarily show lack of diligence, service that is made fairly close to the limitations period….does not automatically demonstrate diligence.  Rather, it depends on the circumstances of each case.

*Mote v. State Farm Mutual Automobile Insurance Company*, 375 Ga.App. 303 (2025).

Plaintiffs contend *Mote* supports their position.  Moreover, there is caselaw to support plaintiffs' position they made reasonable and diligent efforts to serve the Defendant, and although service was made twenty-two ("22") days after the statute of limitations expired, service was proper and it relates back to the date of filing.  *Allen et al. v. Kahn et al.*, 231 Ga. App. 438, 499 S.E.2d 164 (1998) (defendants served approximately three months after complaint was filed and limitation period expired); *Brooks v. Young*, 220 Ga. App. 47 ( 467 SE2d 230) (1996), overturned, *Allen*, supra at 440-441 (defendant properly served one year after action was filed and one month after limitation period expired).

Plaintiffs contend Defendant's status as a high-profile entertainer made it extraordinarily difficult to serve. Defendant himself testified at his deposition that he has been living "bi-coastal for 16 years," with no fixed residential address. (*Hale Dec.* ¶45). Moreover, Defendant's show venues involved high-security environments that obstructed access, and his security personnel actively blocked service attempts, including from both

private process servers and U.S. Marshals. In *Cascade Parc Property Owners Association, Inc., v. Clark*, the Georgia Court of Appeals allowed service by publication against a defendant who intentionally evaded personal service, even though several attempts were unsuccessful. This case indicates the courts recognizing and preventing a defendant from benefiting from their own deliberate conduct in frustrating service. 336 Ga. App. 99, 783 S.E.2d 692 (2016).

Here, the extensive record of evasive circumstances— including private security interference, gate access denial, and nationwide touring— makes clear that Plaintiffs are not at fault for any delay.

**(b) Plaintiffs' service attempts in original action.**

In their original action, to wit: 1:22-00261, plaintiffs pursued service at all known addresses for Defendants, including a former residence in Gainesville, Georgia; a gated home in Braselton, Georgia; filed a motion for publication, and attempted to served Defendant at multiple concert venues across several states. *Hale Dec.* ¶¶14, 17-19, 21-32. Plaintiffs filed a Motion for Order for Service by U.S. Marshal's Office seeking this Court's intervention, said motion was granted and an Order entered directing the United States Marshal's Office to "(1) serve the Defendants at their last known address located at 5343 Legends Drive, Braselton, Gwinnett County, Georgia, (2) serve Defendant Katt Williams at the Altria Theater located at 6 North Laurel Street, Richmond, Virginia, Eastern District of Virginia where Defendant Katt Williams is scheduled to perform on February 11, 2022 at 8:00 p.m., or (3) serve the Defendants in any other district within the United States where the

Defendant may be located" *Dkt. 10.*  With said Order in tow, plaintiffs made several unsuccessful attempts to serve the Defendants. One occasion, the U.S. Marshal's Office attempted service on Defendant at his concert venue located at the Altria Theatre in Richmond, Virginia on February 11, 2022, the Process Receipt and Return states Defendant Katt Williams' "manager head of security" Isaac Douglas was personally served on February 11, 2022. See Hale Dec. ¶¶22 - 24, Ex. J.  On another occasion, the serving U.S. Marshal sent an email to his office on February 22, 2022 stating, prior to attempting service, "the process is going to be returned unexecuted" even after he spoke with Defendant's head of security "Mr. Doug Isaac" over the telephone. Doug Isaac is the same individual the U.S. Marshal served on February 11, 2022 in Richmond, Virginia. See Hale Dec. ¶30, Ex. N.

### (c) Plaintiffs' service attempts in this renewed action.

Plaintiffs brought this renewed action on February 17, 2023, and made three (3) attempts to serve the Defendant including filing their motion to serve by publication, prior to seeking this Court's intervention. *Hale Dec.* ¶44. Plaintiffs' efforts included (1) hiring Tim Huhn, a private investigator with TM Huhn & Associates Inc. to locate Defendants' current residences, which proved unsuccessful, and securing a private service agent, C. Brown. who attended Defendant's February 18, 2023 concert in Durham, North Carolina, whose service efforts were again thwarted by Defendant's venue security. Private Service agent Brown stated she was "unable to reach" Defendant due to security. *Hale Dec.* ¶¶38-

7

39.[4] Bottomline, plaintiffs were encountering the same or similar obstacles as faced in their original action, and were forced to file a similar motion requesting this Court's intervention due to the difficulties encountered in attempting to serve on the Defendant. *Dkt. 7 and 9.* This Court entered an Order granting said motion on November 22, 2023 recognizing the "unique set of challenges due to the nature of Defendants' profession, including but not limited to, Defendant Katt Williams currently being on tour at different concerts venues throughout the United States, and the Defendant routinely traveling with a strong presence of security which also limits access to the Defendant for service purposes." In said Order, this Court added language directing "local law enforcement, civil bodyguards and/or private security personal" to "yield to U.S. Marshall's or be subject to federal arrest." *Dkt. 9.* Not until this Court added this specific language did Defendant's security yield and allow Defendant to be personally served. Defendant was served shortly thereafter on December 29, 2023 at the Toyota Arena located in Ontario, Canada. *Dk. 10.* Plaintiffs contend but for this Court's intervention, plaintiffs would have likely never served the Defendant, and have demonstrated they exercised reasonable due diligence in their efforts to serve this Defendant under this unique set of circumstances.

This Court is also authorized to impute knowledge on this Defendant as in *Cascade Parc Property Owners Association, Inc. v. Clark* where the Court of Appeals of Georgia

---

[4]Plaintiffs also filed a motion to serve Defendant by publication in this renewal action which was denied. *Dkt 4 and 5.*

found service was proper when the process server left papers outside of the door after he spoke with the wife of the defendant and informed her that he was serving papers on her husband, and she knowingly attempted to evade service by closing the door and refusing to accept the papers. 336 Ga. App. 99, 783 S.E.2d 692 (2016).  The Marshal's Office came in as close proximity to the Defendant as possible on two separate occasions.  On one occasion, February 11, 2022, the U.S. Marshal's Office attempted service on Defendant at his show venue located at the Altria Theatre in Richmond, Virginia. The "Process Receipt and Return" states Defendant Katt Williams' "manager head of security Isaac Douglas was personally served on February 11, 2022." See *Hale Dec.* ¶¶22 - 24, Ex. J.  On a second occasion, on February 22, 2022 in Richmond, Virginia, the serving U.S. Marshal sent an email to the Marshal's office prior to attempting service stating "the process is going to be returned unexecuted" after he spoke with Defendant's head of security "Mr. Doug Isaac" over the telephone.  See *Hale Dec.* ¶30, Ex. N.  *Jacobson v. Garland*, 227 Ga. App. 81, 83(1), 487 S.E.2d 640 (1997)("It is the duty of a defendant to accept and submit to the service of process when he is aware of the process server's purpose.) In the instant case, Defendant's head of security, Issac Douglas, was served with process on the first occasion, and on the second occasion, the marshal spoke to the Isaac Douglas over the phone prior to his attempt at service and informed his office "the process is going to be returned unexecuted," and it was, Defendant did not accept service.

The issue of whether plaintiffs have met their burden to show they exercised reasonable due diligence is a question of fact for the trier of fact. *Scanlan v. Tate Supply Inc.* A10A0432 (Ga. App, 2010) citing *Akuoko v. Martin*, 298 Ga. App. 364, 364-365. Given plaintiffs' well-documented evidence of multiple attempts through law enforcement, federal marshals, private servers, and investigators; although all were unsuccessful, coupled with the fact Defendant was not able to be served without this Court's intervention creates a genuine issue of material fact regarding due diligence, thereby making summary judgment inappropriate. The trial court must look at all the facts and determine whether the plaintiff met this burden. *Cohen v. Allstate Ins. Co.*, 277 Ga. App. 437, 438, 626 S.E.2d 628 (2006)("[t]he determination of whether the plaintiff was guilty of laches in failing to exercise due diligence in perfecting service after the running of the statute of limitation is a matter within the trial court's discretion and will not be disturbed on appeal absent abuse.") (Citation omitted.)

**(d) Laches is Inapplicable in this Case**

Defendant claims the equitable doctrine of laches apply due to Plaintiffs' "lack of diligence" to perfect service. *O.C.G.A. 9-11-4(h)*. Laches is an equitable doctrine that is not a proper claim or defense in this matter, as a court of equity, not law, is the correct forum to determine the validity of such an allegation. This is a legal action and the equitable doctrine of laches does not apply. See *Boyd v. Robinson*, 299 Ga. App. 795, 797 (2009) citing *Vatacs Group, Inc. v. Homeside Lending, Inc.*, 281 Ga. 50, (2006).

## IV. DEFENDANT'S REQUEST TO HAVE PLAINTIFFS' REQUEST FOR ADMISSIONS DEEMED ADMITTED AT THIS JUNCTURE IS PROCEDURALLY IMPROPER

Defendant argues this Court should deem Defendant's Request for Admissions propounded to plaintiffs admitted due to plaintiffs' purported failure to timely respond is procedurally improper. Defendant request this Court deem them "admitted material facts negating [plaintiffs'] claims" including:

(a) Defendant did not cause any physical harm to plaintiffs.

(b) Defendant did not cause any plaintiff emotional or psychological injuries.

(c) Plaintiffs took a chain from Defendant.

(d) Plaintiffs instigated a physical altercation with defendant and one or more members of Defendant's security detail.

(e) Defendant did not prevent Plaintiffs from leaving the vicinity, and

(f) Plaintiffs did not witness Defendant instruct any members of his security detail nor the "three females" to harm plaintiffs.

Defendant references these as admissions or uses plaintiffs' purported failure to timely respond under Fed. R. Civ. P. 36(a)(3) to deem them admitted is misplaced, and Defendant's attempt to deem RFAs admitted through a summary judgment motion is procedurally improper under both Georgia and federal law. Requests for Admission, whether governed by O.C.G.A. § 9-11-36 or Federal Rule of Civil Procedure 36, require a party to seek a ruling on sufficiency through a timely, separate motion—not through a dispositive motion filed after the close of discovery. Georgia courts have clearly held that a party seeking to enforce deemed admissions must move during discovery to

compel or deem responses insufficient. Attempting to bypass that requirement by raising

the issue for the first time at the summary judgment stage is improper and prejudicial.

*O.C.G.A. § 9-11-36(a)(3)*.  Because Defendant failed to file a timely motion to deem the

RFAs admitted or to challenge the sufficiency of plaintiffs' responses before the close

of discovery, the Court should decline to entertain this request at this summary judgment

stage.

**(a) Defendant's Claim That Plaintiffs Cannot Prove Injury Is Refuted by Plaintiffs' Affidavits and Supporting Evidence**

Defendant asserts that plaintiffs cannot prove they sustained any physical or

emotional injury as a result of the incident. This assertion is not only factually

unsupported but directly contradicted by the sworn affidavits of all four plaintiffs, each

of whom has submitted detailed accounts of the assault, battery, and emotional trauma

they experienced on the night in question.

(1)    Salena Boston (Affidavit of Salena Boston, ¶¶ 17–29) Plaintiff

Boston was the primary target of Defendant's aggression. After Defendant Williams

verbally attacked her and instructed his entourage to "hit that bitch," Plaintiff Boston

was tackled to the ground by Williams, struck in the head, kicked in the back, and

had her cellphone stolen. During the physical altercation, Defendant Williams

attempted to grope her chest, ripped the crotch out of her romper, and made sexually

humiliating remarks about her gender identity (¶18). Boston suffered injuries to her

head, back, and knee (¶23), received medical treatment at Grady Hospital (¶24), and incurred $2,299.00 in medical expenses (¶24). She was also subjected to severe emotional trauma, including nightmares of being gang raped or shot, therapy for fear and anxiety, and lasting psychological injuries (¶¶26–29). These allegations support her claims for battery, intentional infliction of emotional distress, and punitive damages.

(2)   Jalisa   Rhodes   (Affidavit   of   Jalisa   Rhodes,   ¶¶   8–22) Plaintiff Rhodes was punched directly in the left eye by one of the women brought by Defendant (¶8) and suffered a fractured right index finger when one of Defendant's bodyguards forcibly took her cellphone (¶15). She received emergency treatment at Grady Hospital (¶22), incurred more than $2,250 in medical expenses (¶22), and her phone, which was forcibly taken, was worth $560.00 (¶21). Rhodes' affidavit plainly contradicts Defendant's claim that there is no evidence of injury and confirms liability for battery, theft, and emotional distress.

(3)   Lutisha Martinez (Affidavit of Lutisha Martinez, ¶¶ 6–18) Plaintiff Martinez was pushed against a wall, had her shoes thrown by Defendant Williams (¶7), and was later physically assaulted by Defendant's security, who threw her to the ground and forcibly took her phone from the vehicle (¶9). She suffered bruises to her left upper leg and back (¶15), lost her iPhone valued at $982.08 (¶17), and incurred $2,000.00 in lost wages due to missed work (¶18). Martinez has also been undergoing mental health treatment, suffers from recurrent nightmares, and

relives the assault daily (¶16), supporting her claim for both economic and non-economic damages.

(4)  Lanette Washington (Affidavit of Lanette Washington, ¶¶ 8–15) Plaintiff Washington was kicked in the right leg during the attack (¶8), resulting in pain and bruising (¶14), and was violently shoved by Defendant's security team (¶9). She also reported that Defendant Williams pointed a gun at the group while making threats (¶10). Lanette continues to experience ongoing emotional distress, including fear of retaliation and anxiety in crowds or around celebrities (¶15). These facts strongly support her claims of assault, emotional distress, and punitive damages.

In personal injury and tort actions, a plaintiff's own testimony, affidavit, or declaration, if based on personal knowledge and not conclusory, is sufficient to establish a triable issue regarding injury and damages.  Summary judgment is only proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *OCGA § 9-11-56(c)*. In this case, each plaintiff has presented a sworn affidavit detailing their injuries, treatment received, and medical expenses incurred, supported by photographs, medical records, and documentation of lost wages and property loss. See Boston Aff. ¶¶23–25; Rhodes Aff. ¶¶20–22; Martinez Aff. ¶¶15–18; Washington Aff. ¶¶14–15. Such evidence is not only competent under Fed. R. Civ. P. 56(c), but it also satisfies the Georgia evidentiary threshold for submission to a jury.

## CONCLUSION

The record demonstrates factual disputes concerning reasonable and diligent efforts to serve the Defendant, and Defendant's attempt to have his RFAs admitted or to challenge the sufficiency of plaintiffs' responses at this summary judgment stage is procedurally improper. Clearly there exists genuine issues of material facts and thus, Defendant's motion should be denied.

This the 19<u>th</u>  day of August 2025.

**HALE LAW FIRM, P.C.**


**/s/LOLETHA DENISE HALE**
**LOLETHA DENISE HALE, ESQ.**
Georgia Bar No. 317523

Attorney for Plaintiffs Post
Office Box 793 Jonesboro,
Georgia 30237
Ph: 678.610.0970

## LR 5.1 CERTIFICATION

The above-signed counsel certify that this document has been prepared with 14 point Times New Roman Font.


## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the within and foregoing **PLAINTIFFS' AMENDED BRIEF IN OPPOSITION TO DEFENDANT MICAH "KATT" WILLIAMS' MOTION FOR SUMMARY JUDGMENT** upon opposing counsel via the CM/ECF system, and addressed as follows:

> Gabe Banks, Esq.
> 100 Peachtree Street N.W.
> Suite 2650
> Atlanta, Georgia 30303
> Gabe@banksweaver.com


This the __19th__ day of August 2025.

HALE LAW FIRM, P.C.

_/s/LOLETHA DENISE HALE_____
Loletha Denise Hale, Esq.
Georgia Bar No. 317523
Post Office Box 793
Jonesboro, Georgia 30237
Ph: 678.610.0970
*Attorney for Plaintiffs*