## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

SELENA BOSTON, *et al.*,

      Plaintiffs,

v.

MICAH SIERRA KATT WILLIAMS, *et al.*,

      Defendants.

CIVIL ACTION
NO. 1:23-cv-00752-WMR

## <u>ORDER TO SHOW CAUSE</u>

During its review of the Plaintiffs' response brief [Doc. 57] in opposition to Defendants' motion for summary judgment, the Court discovered that 17 of the 24 cases cited by Plaintiffs' counsel either did not exist, did not support the proposition for which they were cited, or misquoted the authority. It appeared to the Court that at least some of the purported cases were artificial intelligence ("AI") generated "hallucinations." *See United States v. Hayes*, 763 F. Supp. 3d 1054, 1065 (E.D. Cal. 2025) (identifying "the markings of a hallucinated case created by generative artificial intelligence (AI) tools," including case names that appear to be real but do not exist); *Mavy v. Commissioner, Soc. Sec. Admin.*, No. CV-25-00689-PHX-KML (ASB) 2025 WL 2355222, at * 1 (D. Arizona, Aug. 14, 2025).

At the hearing on the motion for summary judgment, the Court confronted Plaintiffs' counsel, Loletha Hale, about the citation-related deficiencies that were contained in her response brief. Ms. Hale indicated to the Court that, at the time the brief was drafted, she was distracted with other matters and had asked her daughter (who is not an attorney or paralegal) to draft the brief for her. Ms. Hale conceded that she failed to take even that most basic of actions to review the cases cited therein and, therefore, did not catch the citation-related deficiencies.

The most logical explanation for the citation-related deficiencies in the brief is, of course, the use of generative AI to conduct legal research and/or draft the brief. The issue of "hallucinated case[s] created by generative artificial intelligence (AI) tools such as ChatGPT and Google Bard" has been "widely discussed by courts grappling with fictitious legal citations and reported by national news outlets." *See, e.g., Hayes*, 763 F. Supp. at 1065. But, the issue of whether generative AI was or was not used to draft the brief is not particularly relevant here. There is nothing fundamentally improper in the use of AI tools to draft a brief. Rather, it is counsel's abdication of her responsibility to ensure that the signed brief she provided to the Court was accurate that is the basis for possible imposition of Rule 11 sanctions in this case.

Rule 11 provides in relevant part:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney … certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> . . .
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law....

Fed. R. Civ. P. 11(b)(2).

A court may, *sua sponte*, order an attorney to appear for a hearing to show cause why his or her conduct has not violated Rule 11(b). *See* Fed. R. Civ. P. 11(c)(3). If the court then determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on that attorney. Fed. R. Civ. P. 11(c)(1).

Therefore, it is hereby **ORDERED** that Plaintiffs' counsel, Loletha Hale, appear before the Court on **September 29, 2025**, at **1:30 p.m.** in Courtroom **1705** for an evidentiary hearing to show cause why she should not be sanctioned for violating Rule 11(b)(2).

SO ORDERED, this 8th day of September, 2025.

_____
WILLIAM M. RAY, II
United States District Court Judge
Northern District of Georgia

3