# IN THE UNITED STATES DISTRICT COURT
# NOTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Selena Boston, Jalisa Rhodes, Lutisha Martinez, and Lanette Washington, ) ) ) | |
| Plaintiffs, ) | **CIVIL FILE ACTION NO.** _1:23-CV-00752_ |
| v. ) ) | |
| Micah Sierra 'Katt' Williams, Tatiana Smith and John Doe 1-15, ) ) ) | |
| Defendant. ) | |

## PLAINTIFFS' MOTION TO RECUSE
## PURSUANT TO 28 U.S.C. § 455(a)

COME NOW, Plaintiffs Selena Boston, Jalisa Rhodes, LuTisha Martinez, and Lanette Washington, by and through undersigned counsel, and respectfully move for the recusal of the Honorable Judge William M. Ray, II from further presiding over this matter, pursuant to 28 U.S.C. § 455(a). In support of this motion, Plaintiffs show the Court the following:

### I.   BRIEF SUMMARY OF PERTINENT FACTS[1]

Defendant filed his motion for summary judgment on July 16, 2025 arguing he is entitled to summary judgment as a matter of law arguing the following: (1)

---

[1] The undersigned incorporates her attached Affidavit by reference in its entirety. (See attached Attorney Loletha Denise Hale's Affidavit in Support of Recusal or Disqualification of United States District Judge)

"[p]laintiffs' claims are time barred because they failed to act diligently in serving him prior to the expiration of the applicable Statute of Limitation" and, "[a]lternatively, Defendant contends that based upon Plaintiffs' factual admissions they cannot establish the necessary elements of their claims, including damages…" [*Dkt 52*].

At the August 27, 2025 summary judgment motion hearing, Judge Ray spoke to the undersigned in a disrespectful and condescending manner, and questioned her honesty, candor and credibility in open court in the presence of opposing counsels and other courtroom spectators.[2]  Judge Ray stated he should have held a Rule 11 hearing during a prior civil matter where she testified, under oath, about a state court judge being removed (forced to retire) from the bench many years ago.

At said hearing, Judge Ray made statements that supported the Defendant's claims regarding Defendant's request for admissions being deemed admitted by operation of law and advised opposing counsel to promptly submit their proposed order because plaintiffs had not yet filed a motion to withdraw admissions. Judge Ray also questioned me about whether or not the undersigned discussed the request for admissions issue with her clients [plaintiffs]; eliciting confidential communications and disregarding the attorney-client privilege.

---

[2] The undersigned ordered the hearing transcript from court reporter, Ms. Geraldine Glover on September 9, 2025.  Ms. Glover has indicated the transcript will not be ready until September 29, 2025,

Judge Ray also indicated that he questioned the undersigned's honesty, candor and credibility in explaining that she accidentally uploaded and e-filed the wrong version of plaintiff's brief in opposition to the defendant's motion for summary judgment on August 5, 2025. This draft of the brief was AI-generated by the undersigned's daughter when she tried to assist her and labelled her draft with the same title as the correct version. [*Dkt.57*]

The undersigned informed Judge Ray that she must have accidentally uploaded and filed the wrong brief while she was preoccupied because her best friend from law school was being eulogized on the same day. She filed the correct version of the plaintiff's brief in opposition to the defendant's motion for summary judgment on August 19, 2025, [*Dkt. 60*] after being made aware of her error by Defendant's Reply brief filed on August 13, 2025 [*Dkt. 59*] and prior to the August 27, 2025 hearing.

On August 29, 2025, plaintiffs filed their Motion to Withdraw Admissions arguing (a) the merits will be served by withdrawal, (b) Defendant cannot show prejudice, (c) Defendant's own RFA's are deemed admitted by operation of law, (d) mutual failures [of untimely responses to RFAs] do not cancel out - each party is bound by its own admissions, and (e) equity and judicial economy favor withdrawal and consideration on the merits. [*Dkt. 61*]

On September 8, 2025, Judge Ray *sua sponte* issued an Order to Show Cause why the undersigned "should not be sanctioned for violating Rule 11(b)(2)" by filing a brief created by generative artificial intelligence (AI) with inappropriate case citations. Judge Ray's Order to Show Cause also scheduled a Rule 11 hearing on September 29, 2025. [*Dkt. 62*].

The undersigned's error in filing the wrong brief was a mistake, not an intentional violation of Rule 11(b)(2). Judge Ray should recuse himself or be disqualified from presiding over this case and any Rule 11 hearing based on a reasonable perception that Judge Ray has a personal bias or prejudice against the undersigned and her law firm.

## II.   ARGUMENT AND CITATION OF LEGAL AUTHORITY

28 U.S.C. § 455(a) mandates that:

*Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.*

Recusal is warranted not only where actual bias exists, but also when there is an appearance of partiality. As held in *Liljeberg v. Health Services Acquisition Corp.,* 486 U.S. 847, 860 (1988), even absent actual bias, a judge must step aside when "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."

Plaintiffs assert that recusal is warranted in this case for the following reasons:

**(A) Judicial Comments Implying Bias and Prejudgment**

During the August 27, 2025 hearing, the Court openly disparaged Plaintiffs' counsel in front of opposing counsel and the public, questioning her honesty and candor based on an unrelated civil case wherein she had testified to filing a complaint that allegedly contributed to a state court judge stepping down from the bench. This issue had no bearing on the present matter. Yet, the Court used that unrelated matter to threaten Plaintiffs' counsel with a Rule 11 hearing, stating it would be based solely on her statement that she was partially responsible for the judge's removal. This conduct, including the Court's statements and demeanor, raises a reasonable question as to whether impartiality has been compromised.

**(B) Threats of Rule 11 Sanctions as a Weapon Against Counsel**

The Court's threat of initiating Rule 11 proceedings against Plaintiffs' counsel for a personal narrative (which was made under oath in an unrelated matter) lacks factual or procedural justification. There has been no showing of improper purpose, false statements, or filings made without legal basis in this action. The threat of sanctions appears retaliatory and designed to chill advocacy, rather than grounded in procedural necessity.

**(C) Premature Directive to Defendant Regarding Proposed Order**

The Court also stated during the hearing that Defendant should hurry up and submit their proposed order on the pending motion for summary judgment. This statement suggested the Court had already determined the merits of the case, thereby undermining the appearance of neutrality and raising concerns about prejudgment.

**(D) Disregard for the Record Regarding Diligence and RFAs**

The record contains substantial evidence of Plaintiffs' repeated attempts to serve Defendant and of procedural irregularities with both sides' Requests for Admission (RFAs):

- Plaintiffs filed detailed affidavits and service returns showing Defendant's evasiveness and necessitating a U.S. Marshal's order.
- Defendant's own responses to Plaintiffs' RFAs were also untimely, yet the Court has not indicated any concern about that side of the record.
- Plaintiffs timely filed a Motion to Withdraw Deemed Admissions on August 29, 2025, but the Court issued a Rule Nisi Order for Sanctions before ruling on that substantive motion.

This uneven treatment further supports the need for recusal under § 455(a), and Judge Ray should recuse himself from presiding in this case to avoid "a reasonable inference of impropriety or lack of impartiality." When such an inference is reasonable, "recusal is mandatory." *Murray v. Scott*, 253 F.3d 1308, 1312 (11th Cir.

2001); *United States v. Torkington*, 874 F.2d 1441, 1446 (11th Cir. 1989). See also *Liljeberg v. Health Services Acquisition Corp.,* 486 U.S. 847 (1988).

Plaintiffs need not show that Judge Ray is personally biased. Judge Ray must recuse himself because "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Torkington*, *supra,* 874 F.2d at 1446; *Parker v. Connors Steel Co.,* 855 F.2d 1510, 1524 (11th Cir. 1988). See 28 U.S.C.455(a). To promote the integrity of the court, "the benefit of the doubt must be resolved in favor of recusal." *Murray, supra,* 253 F.3d at 1310.

## CONCLUSION

When viewed in the totality, a reasonable person aware of all the circumstances would question the Court's impartiality in continuing to preside over this matter. Accordingly, pursuant to 28 U.S.C. § 455(a), Plaintiffs respectfully request that the Court recuse itself and that this case be reassigned to another judge within the Northern District of Georgia.

Plaintiffs also respectfully request further litigation should also be stayed pending a proper resolution or appeal of the motion to recuse or disqualify U.S. District Judge William R. Ray II as the presiding judicial officer.

Respectfully submitted this the  12th  day of September 2025.

                                **HALE LAW FIRM, P.C.**

                                /s/LOLETHA DENISE HALE
                                Loletha Denise Hale, Esq.
                                Georgia Bar No.  317523
                                Post Office Box 793
                                Jonesboro, Georgia  30237
                                Ph: 678.610.0970

## **LR 5.1 CERTIFICATION**

The above-signed counsel certify that this document has been prepared with 14 point Times New Roman Font.

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing **PLAINTIFFS' MOTION TO RECUSE PURSUANT TO 28 U.S.C. § 455(a)** and accompanying **ATTORNEY LOLETHA DENISE HALE'S DECLARATION IN SUPPORT OF RECUSAL OR DISQUALIFICATION OF UNITED STATES DISTRICT JUDGE** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following:

Gabe Banks, Esq.
100 Peachtree Street NW| Suite 260
Atlanta, GA 30303

This the  12th  day of September 2025.

**HALE LAW FIRM, P.C.**

 /s/LOLETHA DENISE HALE
Loletha Denise Hale, Esq.
Georgia Bar No.  317523
Post Office Box 793
Jonesboro, Georgia  30237
Ph: 678.610.0970