## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

SELENA BOSTON, *et al.*,

     Plaintiffs,

v.

MICAH SIERRA KATT WILLIAMS, *et al.*,

     Defendants.

CIVIL ACTION
NO. 1:23-cv-00752-WMR

## ORDER

This matter is now before the Court on Plaintiffs' Motion for Leave to File a Correct (or Amended) Brief [Doc. 60] in opposition to Defendant Micah Sierra Kat Williams' (hereinafter "Defendant") motion for summary judgment, as well as Plaintiffs' Motion to Withdraw Admissions [Doc. 61]. For the reasons explained below, Plaintiffs' motions are GRANTED.

**I. DISCUSSION AND CONCLUSIONS OF LAW**

    **A.** Leave to File Amended Brief

In their response brief in opposition to Defendant's motion for summary judgment [Doc. 57], Plaintiffs made numerous citations to legal authority which were flawed—specifically, the citations either did not exist, did not support the

1

proposition for which they were cited, or misquoted the authority. When Defendant pointed out those deficiencies in his reply to Plaintiffs' response brief [*see* Doc. 59], Plaintiffs filed their motion for leave to file a correct (or amended) response brief. [Doc. 60].

Under the Federal Rules of Civil Procedure, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Where, as here, a plaintiff seeks to amend without the written consent of the defendant, "[t]he court should freely give leave when justice so requires." *Id*.

Here, the Court finds that granting leave to amend is appropriate because it would serve the interests of justice and judicial efficiency. Further, the filing of an amended response brief would not prejudice Defendant or cause any undue delay in addressing the merits of the motion for summary judgment. Should Defendant wish to file a reply to Plaintiffs' amended brief, the Court will allow seven (**7**) days from the date of this Order to do so. Accordingly, Plaintiffs' motion for leave to file an amended response brief [Doc. 60] is GRANTED.

**B.** Withdrawal of Admissions

In his motion for summary judgment, one of the grounds asserted by Defendant is that Plaintiffs had failed to timely respond to Defendant's request for admissions ("RFAs"). The record reflects that Defendant served his RFAs on Plaintiffs on August 13, 2024, and Plaintiffs served their responses on October 18,

2

2024, approximately one month after the 30-day deadline. [*See* Doc. 52-4]. Thus, Defendant argues that the matters should be deemed admitted under Fed. R. Civ. P. 36(a)(3) and (b), thereby entitling him to judgment as matter of law.

At the hearing on the motion for summary judgment, which was held on August 27, 2025, the Court questioned Plaintiffs' counsel about why Plaintiffs had not timely responded to the RFA's and why she had not filed a motion on Plaintiffs' behalf to withdraw those admissions. Plaintiffs' counsel claimed that her clients' responses to Defendant's RFAs were not untimely, indicating that she had email correspondence between the parties' counsel showing that Defendant had agreed to an extension of time to respond. When Plaintiffs' counsel could not locate that email correspondence in her file during the hearing, the Court granted Plaintiffs' counsel additional time to supplement the record—post hearing—in the event she was able to locate that email correspondence. It appears that Plaintiffs' counsel has been unable to do so, as Plaintiffs have now filed a motion to withdraw the admissions. [Doc. 61].

Under the Federal Rules of Civil Procedure, a district court may permit the withdrawal of the admissions resulting from a failure to respond to a party's request for admissions during discovery "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b);

see also *Perez v. Miami-Dade County*, 297 F.3d 1255, 1264 (11th Cir. 2002) (holding that a district court abuses its discretion in ruling on motion to withdraw admissions when it applies some other criterion beyond the two-part test set forth in Rule 36(b)).

The Court notes that Plaintiffs have offered evidence in this case which contradicts the deemed admissions [*see* Doc. 57-1; Doc. 57-2; Doc. 57-3; Doc. 57-4; Doc. 57-5] and, thus, upholding the admissions would practically eliminate the presentation of the merits of the case.  Indeed, Defendants concede that the withdrawal of the admissions would subserve the presentation of the merits. [*See* Doc. 63 at 5].  Therefore, the Court finds that allowing the withdrawal of the admissions satisfies the first element of the two-part test.  The only remaining issue, then, is whether the withdrawal of the admissions would prejudice Defendant in defending against the action on the merits.

Defendant initially argues, albeit half-heartedly, that he would be prejudiced by the withdrawal because the incident giving rise to Plaintiffs' claims "occurred nine-and-a-half years ago" and that "Plaintiffs' delays have only compounded the loss of memory and evidence." [Doc. 63 at 5].  However, Defendant has failed to make any attempt to show, or even allege, that key witnesses to the incident are now unavailable or that their memory of the incident has been negatively affected by the

passage of time. [*See* Doc. 63, *generally*].   The Court is not persuaded by this argument.

Defendant further argues that he would be prejudiced by the withdrawal of the admissions at this late stage of the litigation because it "would reward the untimely manner in which Plaintiffs—and their counsel—have conducted themselves throughout litigation" and "would reinforce to Plaintiffs that deadlines are meaningless." [Doc. 63 at 6].  However, such concerns have no bearing on the ultimate issue—that is, whether the withdrawal would prejudice Defendant in defending against the action on its merits.

In sum, the Court finds that allowing Plaintiffs to withdraw their admissions resulting from their failure to timely respond to Defendant's RFAs is appropriate because the withdrawal would promote the presentation of the merits of the action and the court has not been persuaded that the withdrawal would prejudice Defendant in defending against the action on the merits.

In so ruling, the Court makes no determination as to the primary issue in Defendant's motion for summary judgment, wherein he argues that Plaintiffs' claims are time barred by the Georgia statute of limitations. [*See* Doc. 52-3 at 3–10]. The motion for summary judgment, as to that issue, remains pending before the Court.

## II. CONCLUSION

For the above reasons, it is hereby **ORDERED** that Plaintiffs' Motion for Leave to File a Correct (or Amended) Brief [Doc. 60] and Motion to Withdraw Admissions [Doc. 61] are both **GRANTED**.

SO ORDERED, this 29th day of September, 2025.

_____
WILLIAM M. RAY, II
United States District Court Judge
Northern District of Georgia