IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SELENA BOSTON, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>MICAH SIERRA KATT WILLIAMS, *et al.*,<br><br>    Defendants.<br>_____<br><br>**In re: Loletha Hale, Esq.**<br>    **Attorney for Plaintiffs** | CIVIL ACTION<br>NO. 1:23-cv-00752-WMR<br><br><br><br><br><br>(Ancillary proceeding<br> on Rule 11 violation) |

## ORDER

On September 29, 2025, Plaintiffs' counsel, Loletha Hale, appeared before the Court for an evidentiary hearing to show cause why she should not be found in violation of Federal Rule of Civil Procedure 11(b) in this case and, if so, whether a sanction should be imposed. *See* Fed. R. Civ. P. 11(c)(1). Ms. Hale was present at the hearing and presented argument, but she chose not to present any evidence. After considering her argument, together with all relevant matters of record, the Court concludes that Ms. Hale violated Rule 11(b)(2) and that a sanction is warranted for the reasons set forth herein.

1

## RULE 11 VIOLATION

Rule 11 of the Federal Rule of Civil Procure provides, in relevant part:

(b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney … certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

. . .

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law....

Fed. R. Civ. P. 11(b)(2).

In response to Defendant's motion for summary judgment, Ms. Hale filed a brief on behalf of her clients in this case which contained several flawed citations to legal authority. [Doc. 57].  Specifically, an overwhelming majority of the cases cited by Ms. Hale either did not exist, did not support the proposition for which they were cited, or misquoted the authority. [*See* Doc. 59-1 (Exhibit F) for list of flawed citations]. It appears that the brief was generated, at least in part, using artificial intelligence ("AI") technology. When confronted with the citation-related deficiencies of her brief at the hearing on the motion for summary judgment, Ms. Hale explained that she had been distracted with other matters and had asked her daughter (who is not an attorney or paralegal) to draft the brief for her.  Ms. Hale

conceded that she had failed to review the brief before it was filed and, therefore, did not catch the citation-related deficiencies.

At the show cause hearing, Ms. Hale stood by her assertion that her filing of the flawed brief was simply an accident and that, upon learning of the citation-related deficiencies, she immediately sought leave from this Court to file an amended brief. Although Ms. Hale contends that there should be no Rule 11 violation because she later submitted an amended brief, the Court notes that her amended brief also contains at least one of the same citation-related deficiencies as her initial brief. Specifically, Ms. Hale again cites to *Scanlan v. Tate Supply, Inc.*, 303 Ga. App. 9 (2010) and *Akuoko v. Martin*, 298 Ga. App. 364 (2009) for the incorrect proposition that the issue of whether a plaintiff exercised due diligence in serving a defendant is a question of fact for the jury. [*See* Doc. 60-2 at 10]. Those cases, however, clearly stand for the opposite — explaining that the issue of diligence is a question of fact for the trial court.[1] *See Scanlan*, 303 Ga. App. at 11; *Akuoko*, 298 Ga. App. at 365.

Based on the foregoing conduct, the Court finds that Ms. Hale has clearly violated Rule 11(b)(2) by presenting pleadings to this Court which contained

---

[1] The Court notes that, after submitting her amended brief, Ms. Hale filed another motion on behalf of her clients which contained a citation-related deficiency—specifically, that motion cites to *Jenkins v. Roper*, 313 Ga. App. 189 (2011). [*See* Doc. 61 at 4]. However, that case does not appear to exist. The only similar name is *Jenkins v. Roper Corporation*, 185 Ga. App. 219 (1987), and the citation provided by Ms. Hale is for *Jordan v. Jordan*, 313 Ga. App. 189 (2011).

3

citations to legal authority that either did not exist, did not support the proposition for which they were cited, or misquoted the authority.[2]

## SANCTION

As a sanction for the above-referenced conduct, it is hereby **ORDERED** as follows:

- Loletha Hale shall be required to notify all her existing clients in federal cases filed in the Northern District of Georgia of the findings of this Court related to the above-referenced conduct; and

- Loletha Hale shall be required to file a notice to the district court regarding this Court's findings, **along with a copy of this Order**, in all pending and future cases filed in the Northern District of Georgia in which she appears as counsel for a period of five (5) years from the date of this Order.

No monetary sanction shall be imposed at this time. However, Ms. Hale is hereby advised that her failure to abide by the terms of this Order shall be punishable by contempt.

---

[2] The Court does not find or suggest that the use of AI tools to draft a legal brief is impermissible. What is not allowed, however, is the submission of such a brief without thoroughly checking the AI-generated material for its accuracy. The Court recognizes that mistakes in drafting can happen, but it is Ms. Hale's abdication of her responsibility to ensure that the brief she provided to the Court was accurate and her cavalier attitude regarding her errors that is of most concern to this Court.

**IT IS SO ORDERED**, this 28th day of October, 2025.

_____
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE