## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

SELENA BOSTON, *et al.*,

      Plaintiffs,

v.

MICAH SIERRA "KATT"
WILLIAMS, *et al.*,

      Defendants.

CIVIL ACTION
NO. 1:23-cv-00752-WMR

### ORDER

This matter is now before the Court on Defendant Micah Sierra "Katt" Williams' Motion for Summary Judgement. [Doc. 52]. After reviewing the parties' arguments, the applicable law, and all appropriate matters of record, the Court **GRANTS** Defendant's motion for the reasons set forth below.

### I.     LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is proper when the record evidence shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute is "genuine" if evidence suggests a reasonable jury could return a verdict for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "An issue of

fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co., Inc.*, 357 F.3d 1256, 1259 (11th Cir. 2004).

The moving party bears the burden of demonstrating that there is no genuine issue of material fact that should be decided at trial. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). If the moving party carries the initial burden, then the burden shifts to the non-moving party to demonstrate that there is an issue of material fact that precludes summary judgment. *Id.* On summary judgment, the Court views the evidence and any inferences that may be reasonably drawn in the light most favorable to the non-movant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970).

## II.    FINDINGS OF FACT

On January 21, 2022, Plaintiffs filed their initial lawsuit against the Defendants in Case No. 1:22-cv-00261-WMR (the "Original Lawsuit"), asserting state law claims for assault, battery, false imprisonment, slander, intentional infliction of emotional distress, and negligence arising out of an incident that occurred on February 28, 2016.[1]  Plaintiff made several attempts to serve

---

[1] As asserted by Plaintiffs, the Original Lawsuit was timely filed because the running of the period of limitations for their tort claims was tolled pursuant to O.C.G.A. § 9-3-99 and did not begin to run until the disposition of the related criminal prosecution on Dec. 7, 2021. [*See* Doc. 28 at 2–4, ¶¶ 2–9; *see also* Doc. 28 at 25–33 (Plaintiffs' Exhibits A and B)].

Defendants, but were unsuccessful. [Doc. 4-1 at 3–9, ¶¶ 9–31]. On November 8, 2022, this Court dismissed that case without prejudice for failure to perfect service of process. [Doc. 1 at 22–23].

On February 17, 2023, within six months of the dismissal, Plaintiffs refiled their complaint as a renewal action[2] pursuant to Fed. R. Civ. P. 41, O.C.G.A. § 9-11-41, and O.C.G.A. § 9-2-61(a).[3] [Doc. 1]. Plaintiffs attempted to serve Defendant Williams only once, during a show in Greenville, South Carolina on February 18, 2023. [Doc. 4-1 at 9–10, ¶¶ 32–34]. Thereafter, Plaintiffs did not make any other service attempts during the next several months. On July 12, 2023, roughly five months after the single attempt to serve Defendant Williams in this case, Plaintiffs filed a motion to serve Defendants by publication [Doc. 4]. On July 24, 2023, this Court entered an order denying the Plaintiffs' motion for service by publication unless and until the Plaintiffs provided proof that they have made diligent attempts to serve Defendants in this renewal lawsuit. [Doc. 5]. In that same order, however, the Court advised Plaintiffs that "upon proper Motion, the Court will issue an Order which authorizes the U.S. Marshals to serve the Defendant [Williams] wherever he

---

[2] Given that the Defendants were not served with the original lawsuit, it is likely that this new lawsuit would not count as a renewal action pursuant to Georgia law. In any event, the second lawsuit was filed within the statute of limitations.

[3] After obtaining leave to amend, Plaintiffs filed an amended complaint on July 3, 2024. [*See* Doc. 27; Doc. 28].

may be and include language in said Order that [Defendant Williams' private security bodyguards] are to yield to the authority of the U.S. Marshals." [*Id*.]

Despite being advised in the July 24, 2023, order that the Court would authorize service by the U.S. Marshal's Office upon proper motion, Plaintiffs waited until October 24, 2023, approximately three months later, to file such a motion. [*See* Doc. 7]. Plaintiffs did not make any attempts to serve Defendants during that three-month period. On November 27, 2023, this Court granted the Plaintiffs' motion for service of process by the U.S. Marshal's Office. [Doc. 9]. In its Order, the Court directed the U.S. Marshal's Office "to (1) serve the Defendants at their last known address located at 5343 Legends Drive, Braselton, Gwinnett County, Georgia, or (2) serve the Defendants in any other district within the United States where the Defendant may be located." [*Id.* at 1]. In addition, the Order provided that "local law enforcement, civil bodyguards and/or private security personnel of the Defendants shall yield to the authority of the U.S. Marshals or be subject to federal arrest." [*Id.* at 2].

On December 5, 2023, two days before the period of limitations for their tort claims was to expire, Plaintiffs sent instructions to the U.S. Marshal's Office requesting that a U.S. Marshal serve the Defendant at a concert at the Toyota Arena in Ontario, California on December 29, 2023 [Doc. 10], even though the period of limitation for Plaintiffs' tort claims was going to expire on December 7, 2023. [*See*

Doc. 28 at 4, ¶ 7].  On December 29, 2023, twenty-two days after the expiration of the statute of limitation, a U.S. Marshal ultimately served Defendant Williams. [Doc. 10 at 1–2].  The other Defendants have never been served.

On July 16, 2025, Defendant Williams filed the present motion for summary judgment, arguing that he is entitled to judgement as a matter of law on two separate grounds.  First, Defendant Williams argues that Plaintiffs' claims are time-barred because they failed to act diligently in serving him prior to the expiration of the applicable statute of limitation. [Doc. 52-3 at 3–10].  Second, he argues that, by virtue of Plaintiffs' failure to timely respond to requests for admissions during discovery, the matters deemed "admitted" leave no genuine issue of material fact to support Plaintiffs' claims. [*Id*. at 10–11].  After Defendant Williams filed his motion for summary judgment, however, the Court granted Plaintiffs' motion to withdraw their admissions. [*See* Doc. 61; Doc. 68]. Therefore, Defendant Williams' secondary argument for summary judgment based on Plaintiffs' failure to timely respond to requests for admissions is now moot, and the Court need only address whether Plaintiffs' claims are time-barred by the applicable statute of limitation.

## III.   DISCUSSION

Under Georgia law, a complaint for injuries to the person has a two-year statute of limitation from the time the right of action accrues—except for injuries to reputation, which shall be brought within one year after the right of action accrues.

5

O.C.G.A. § 9-3-33. The mere filing of a complaint does not commence a suit for limitations purposes; instead, the plaintiff must file the complaint and effect proper timely service as required by law. *Mote v. State Farm Mut. Auto. Ins. Co.*, 375 Ga. App. 303, 916 S.E.2d 19, 21 (2025); *Beauparlant v. Aiken*, 362 Ga. App. 341, 342, 868 S.E.2d 482 (2022). Where a complaint is filed before the statute of limitation expires but service is not perfected until after the statute of limitation expires, and service is made within the five-day grace period allowed by O.C.G.A. § 9-11-4(c), such service relates back to the date that the complaint was filed so as to avoid the limitation. *Giles v. State Farm Mut. Ins. Co.*, 330 Ga. App. 314, 317–18 (2014). However, when service is made after the statute of limitations expires and after the five-day grace period, such service will only relate back to the timely filing of the complaint if the plaintiff demonstrates that she acted reasonably and diligently in attempting to obtain service as quickly as possible. *Id.*; see also *Bledsoe v. Office Depot*, 719 F. App'x 980, 980 (11th Cir. 2018). The plaintiff bears the burden of showing the exercise of due diligence in serving a defendant. *Robinson v. Boyd*, 288 Ga. 53, 55 (2010). And, to establish diligence, a plaintiff must demonstrate "that there are no unexplained lapses in her attempts to serve the defendant; this showing

must be supported by specific dates and details." *Lipscomb v. Davis*, 335 Ga. App. 880, 880–81 (2016) (internal citation omitted).[4]

In support of his motion for summary judgment, Defendant Williams argues that Plaintiffs did not act diligently in attempting service because they only attempted service one time between the filing of the renewal lawsuit (and their receipt of a copy of the complaint and summons for service of process) and the U.S. Marshal ultimately serving the Defendant ten months later, on December 29, 2023. [Doc. 52-3 at 7–8; Doc. 59 at 4]. Defendant Williams points out that he was not served until 315 days after the filing of the renewal complaint and 22 days after the statute of limitations had expired. [Doc. 52-3 at 7].

This Court agrees that Plaintiffs did not act with due diligence in attempting to serve Defendant Williams.[5] The renewal complaint was filed on February 17, 2023. [Doc. 1]. It is well-settled that "[a] renewed lawsuit under OCGA § 9-2-61(a) is an action *de novo*; therefore, the procedural requirements of … perfecting service

---

[4] Federal courts sitting in diversity apply state substantive law. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78–79 (1938). State statutes of limitation are considered substantive law, and Georgia courts have interpreted their service of process statute (including timeliness of service) as an integral part of their statutes of limitation. *Wilson v. Hearos, LLC*, 128 F.4th 1254, 1263–64 (11th Cir. 2025); *Bledsoe*, 719 Fed. Appx. at 980. Accordingly, the Court applies Georgia substantive law to these issues.

[5] The Court is not limited to examining only the period after the state of limitation has already passed. *See Mote*, 916 S.E.2d at 22 (noting that the period prior to the expiration of the limitation period is relevant to the question of diligence; the failure to take the necessary steps prior to the running of the statute of limitation to enable timely service can support a finding of lack of diligence when service is delayed).

must be met anew." *Davis v. Bushnell*, 245 Ga. App. 221, 222 (2000) (citation omitted). Defendant Williams was not served until December 29, 2023—ten months after Plaintiffs filed their renewal complaint and 22 days after the statute of limitations expired. [Doc. 10]. Notably, Plaintiffs only made one attempt to serve Defendant Williams during that time—when Plaintiffs unsuccessfully attempted to serve Defendant Williams during the show on February 18, 2023. [*See* Doc. 4-1 at 9–10]. Indeed, Plaintiffs made no attempt to serve Defendant Williams in the five months between the initial service attempt on February 18, 2023, and Plaintiffs' unsuccessful motion to allow service by publication, which was filed on July 12, 2023. And, despite being advised (in the Court's order denying the Plaintiffs' motion for service by publication) that the Court would authorize the U.S. Marshals to serve the Defendant upon proper motion for such service [*see* Doc. 5], Plaintiffs inexplicably waited three months to file their motion for service by the U.S. Marshal's Office. [*See* Doc. 7]. Furthermore, after the Court granted that motion, the Plaintiffs did not send their request to the U.S. Marshal's Office until two days before the statute of limitations was set to expire. [Doc. 9]. Notably, in their service request, Plaintiffs instructed the U.S. Marshal's Office to serve the Defendant on a specific date which was over three weeks after the expiration of the applicable statute of limitations. [*Id.*] Quite simply, Plaintiffs have failed to account for the unexplained lapses in making their attempts to serve Defendant Williams and, thus,

have failed to demonstrate that they exercised the required diligence. *See Lipscomb*, 335 Ga. App. at 880–81.

In so ruling, the Court notes that Plaintiffs' attempt to serve Defendant Williams fell well short of the attempt made by the plaintiffs in *Mote*, where the Court of Appeals of Georgia likewise found a lack of diligence. In *Mote*, the plaintiffs filed their complaint shortly before the statute of limitation expired and immediately mailed the service packet to the sheriff's department for service, but due to a delay with the postal service, the sheriff's department did not receive the service packet until one day before the statute of limitation expired. *Mote*, 916 S.E.2d at 21. The plaintiffs did not attempt to confirm that the sheriff's department had received the packet until it was too late to ensure timely service. *Id.* at 22. The defendant was ultimately served six days after the statute of limitations had expired. *Id.* at 21. The Georgia Court of Appeals upheld the trial court's determination that the plaintiffs failed to act with diligence "because they took no steps to ensure that the sheriff received the service packet in a timely manner." *Id.* at 23. The plaintiffs "merely placed the service packet in the mail and then, as the trial court found, 'sat on their hands' for 20 days until they made one unsuccessful attempt — the day before the statute of limitation expired — to determine whether the sheriff's department had received the packet." *Id*.

Here, Plaintiffs filed their renewal complaint several months before the statute of limitation would expire and, even though they were aware that they had an adequate option for service at their disposal (the U.S. Marshal's Office) they waited months to request such service. This unexplained delay resulted in Defendant Williams being served by the U.S. Marshal 22 days after the statute of limitation had expired. By then, it was too late.

Plaintiffs' response brief provides multiple arguments that attempt to justify the delay in service. [*See* Doc. 60-2]. However, none of these arguments have any merit. Essentially, Plaintiffs contend that Defendant Williams' celebrity status and private security detail prevented Plaintiffs from serving him. [Doc. 60-2 at 7–8]. However, in determining whether Plaintiffs exercised the "greatest possible diligence," the Court must focus on Plaintiffs' actions, not the Defendant's. *See Ingraham v. Marr*, 246 Ga. App. 445, 447 (2000) ("The fact that a defendant may be hard to find [or reach] does not justify a lack of effort on the part of a plaintiff"). Plaintiffs only made one attempt to serve Defendant Williams with the renewed complaint and summons in this case.[6] Furthermore, even if the Defendant Williams' private security detail made it difficult to serve him, the Court's order granting

---

[6] In an attempt to show diligence, Plaintiffs rely on the attempts at service in the Original Lawsuit. [Doc. 60-2 at 6-7]. However, Plaintiffs' efforts to serve Defendant Williams in the Original Lawsuit is not relevant as to whether they exercise the required diligence in this renewal action. *See Hobbs v. Arthur*, 264 Ga. 359, 360–61 (1994).

service of process by the U.S. Marshals Office effectively remedied that problem. Inexplicably, Plaintiff just waited too late to avail themselves of that remedy.

In sum, the Court finds that Plaintiffs failed to exercise the required diligence in serving Defendant Williams and, thus, the untimely service does not relate back to the filing of the renewal complaint in this case. Accordingly, all of Plaintiffs' claims in this case are time-barred.

## IV.    CONCLUSION

For the above reasons, it is hereby **ORDERED** that Defendant Micah Sierra "Katt" Williams' Motion for Summary Judgement [Doc. 52] is **GRANTED**. As none of the other Defendants have been served with process and Plaintiffs' claims are time-barred by the applicable statute of limitations, this case is **DISMISSED** in its entirety. The Clerk is directed to close this case.

IT IS SO ORDERED, this 7th day of November, 2025.

_____
WILLIAM M. RAY, II
United States District Court Judge
Northern District of Georgia

11