IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Selena Boston, Jalisa Rhode, Lutisha Martinez and Lanette Washington, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION FILE NO. 1:23-cv-00752-WMR |
| Micah Sierra (Katt) Williams, Tatiana Smith and John Does 1-15, | ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER GRANTING SUMMARY JUDGMENT AND TO VACATE JUDGMENT DUE TO JUDICIAL BIAS AND MANIFEST INJUSTICE**

COME NOW Plaintiffs Selena Boston, Jalisa Rhodes, Lutisha Martinez, and Lanette Washington, by and through undersigned counsel, pursuant to Local Rule 7.2(E) and Federal Rules of Civil Procedure 59(e) and 60(b)(1), (3), and (6), and respectfully move this Honorable Court to reconsider and vacate its Order entered on November 11, 2025, granting Defendant Micah "Katt" Williams's Motion for Summary Judgment. Plaintiffs request reconsideration based on newly discovered evidence of judicial bias and partiality manifest through conduct at a Rule 11 hearing and a related State Bar complaint targeting Plaintiffs' counsel. In support

1

thereof, Plaintiffs show the Court the following:

## I. INTRODUCTION

This Court granted summary judgment in favor of Defendant Micah Williams, dismissing Plaintiffs' civil claims arising from a 2016 incident. Plaintiffs timely opposed the motion and submitted factual evidence supporting their claims. However, it has become apparent that judicial conduct occurring after the motion was filed, namely a Rule 11 hearing, subsequent issuance of a Rule 11 sanctions order, and the filing of a State Bar grievance against Plaintiffs' counsel raises serious concerns of partiality.

## II. LEGAL STANDARD

Reconsideration is appropriate to correct clear errors, prevent manifest injustice, or address newly discovered evidence. See Fed. R. Civ. P. 59(e); 60(b)(1), (3), (6); NDGa L.R. 7.2(E). Relief under Rule 60(b)(6) is warranted in "extraordinary circumstances" such as those involving bias or conduct undermining public confidence in judicial integrity. See *Liljeberg v. Health Services Acquisition Corp.,* 486 U.S. 847 (1988).

Judicial rulings must be based solely on the record before the Court. Reliance on extrajudicial knowledge or prior impressions of counsel constitutes structural bias. *Liteky v. United States*, 510 U.S. 540 (1994); *Caperton v. A.T. Massey Coal*

Co., 556 U.S. 868 (2009). Where bias taints a ruling, reconsideration and vacatur are required. U.S. Const. Amend. V & XIV. The Supreme Court holds that when a judgment is influenced by extrajudicial impressions, the result is structural due process error requiring reversal. *Caperton v. A.T. Massey Coal Co.,* 556 U.S. 868, 883–87 (2009); *Tumey v. Ohio*, 273 U.S. 510, 522 (1927).

### III. NEWLY DISCOVERED EVIDENCE OF BIAS AND PARTIALITY

#### a. The September 29, 2025 Rule 11 Hearing and Order

The Rule 11 hearing transcript [Dkt. No 69 and 73] and subsequent October 28, 2025 Order [Dkt. no. 70] issued by the Court contain statements and conclusions reflecting overt hostility toward Plaintiffs' counsel. The Court characterized Plaintiffs' case as frivolous and questioned counsel's motives and professionalism in a manner that exceeded the bounds of neutral adjudication.

#### b. State Bar Grievance Against Counsel

Following the Rule 11 proceeding, a 189 page grievance was filed with the State Bar of Georgia against Plaintiffs' counsel on or about October 17, 2025. (See attached Exhibit 1 – State Bar of Georgia Grievance).[1] While the grievance purports to be independent, the timing and subject matter strongly suggest a retaliatory tone consistent with the Court's actions and language. The grievance was clearly filed in an effort to affect Plaintiffs' counsel's ability to represent her

---

[1] Plaintiffs filed their Motion to Seal Exhibit 1 contemporaneously with this Motion.

3

clients.

### c. The Court Relied on an Unrelated Prior Case to Evaluate Plaintiffs' Counsel and the Merits of this Case

During proceedings, the Court stated that its evaluation of filings and legal authority in this case was influenced by a prior, unrelated matter. Specifically, the Court stated:

> *"I called my law clerk ... because I don't know that I can believe any of them, particularly in light of my prior history with you, Ms. Hale, where I found that you had misrepresented certain facts to a jury in the Marriott Hotel case."* [Dkt. no. 67]

This declaration confirms that the Court's analysis did not stem solely from the record before it, but from a personal recollection of distinct litigation not before the Court, involving different parties, different issues, and no evidentiary connection. Such consideration is extrajudicial, not record-based, and thus constitutionally impermissible.

This admission also removes all doubt the ruling did not arise from the pleadings or evidence before the Court, but from personal impressions external to the record. Under Supreme Court doctrine, that is per se violative of due process.

### d. This Extra-record Reliance Created a Due Process Defect Requiring Vacatur

A judge may not evaluate credibility, filings, legal argument, or sanctions exposure based on prior non-record matters. *Tumey v. Ohio*, 273 U.S. 510 (1927). When a court relies on unrelated past events involving one party or counsel, bias exists as a matter of constitutional law.

Here:

i.  The Marriott litigation was not part of the evidentiary record;

ii. No findings from that case were introduced through evidence;

iii. No party had notice or opportunity to contest those allegations; and

iv. Yet the Court expressly relied upon them to assess credibility and briefing.

Under *Liljeberg*, *Caperton*, and *Liteky*, this constitutes impermissible judicial predisposition. A ruling formed or influenced by information outside the present record is voidable, and reconsideration is required to preserve the appearance and reality of impartial adjudication.

### e. Summary Judgment was Entered in Error and Warrants Reconsideration

The Court granted summary judgment while key factual disputes remained. [Dkt. Nos. 52, 57, 59, 60, 67, 68, and 71]. The appearance of judicial hostility

raises the real possibility that Plaintiffs' arguments and evidence were not given neutral consideration. A court may not resolve credibility issues on summary judgment, yet here, the judgment appears to have been entered after discrediting Plaintiffs' evidence in light of disapproval of their counsel.

   f.  **Appearance of Impropriety Undermines Public Confidence**

Even if the Court did not intend bias, the appearance of bias stemming from judicially initiated sanctions and related consequences undermines the fairness of the summary judgment ruling. See *Liteky v. United States*, 510 U.S. 540 (1994).

WHEREFORE, Plaintiffs respectfully request that this Court:

(1) Reconsider and vacate its Order granting Defendant's Motion for Summary Judgment;

(2) Set aside the Judgment entered thereon;

(3) Alternatively, grant leave for further briefing or evidentiary hearing on judicial bias;

(4) If necessary to ensure impartiality, reassign this matter to a different judge pursuant to 28 U.S.C. §455(a) and (b)(1) and

(5) Grant such other and further relief as this Court deems just and proper.

(SIGNATURE PAGE FOLLOWS)

Respectfully submitted this 2<u>ND</u> day of December 2025.

                                    **HALE LAW FIRM, P.C.**

                                    /s/LOLETHA DENISE HALE
                                  **LOLETHA DENISE HALE, ESQ.**
                                  **Georgia Bar No.  317523**

Attorney for Plaintiffs
Post Office Box 793
Jonesboro, Georgia 30237
Ph: 678.610.0970
halelawfirmpc@yahoo.com

## **LR 5.1 CERTIFICATION**

The above-signed counsel certify that this document has been prepared with 14 point Times New Roman Font.

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the within and foregoing **PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER GRANTING SUMMARY JUDGMENT AND TO VACATE JUDGMENT DUE TO JUDICIAL BIAS AND MANIFEST INJUSTICE** upon opposing counsel via the CM/ECF system, as follows:

Gabe Banks, Esq.
100 Peachtree Street NW| Suite 260
Atlanta, GA 30303

This  2ND  day of December 2025.

**HALE LAW FIRM, P.C.**

 /s/LOLETHA DENISE HALE
Loletha Denise Hale, Esq.
Georgia Bar No.  317523
Post Office Box 793
Jonesboro, Georgia 30237
Ph: 678.610.0970