# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

SELENA BOSTON, *et al.*,

    Plaintiffs,

v.

MICAH SIERRA "KATT" WILLIAMS, *et al.*,

    Defendants.

CIVIL ACTION
NO. 1:23-cv-00752-WMR

## ORDER DENYING PLAINITFFS' MOTION FOR RECONSIDERATION OF ORDER GRANTING SUMMARY JUDGMENT AND DENYING MOTION TO VACATE

The Plaintiffs, acting through their attorney Loletha Denise Hale ("Attorney Hale"), have filed a motion for reconsideration of the Court's granting of summary judgment to the Defendant on the Plaintiffs' Complaint against him. The basis for the Court's granting summary judgment was that the Plaintiffs, through the inaction of their attorney, did not display the due diligence required under Georgia law to serve the Defendant with the Complaint within the applicable statute of limitations. Yes, the Defendant was served, but only after the statute had expired three weeks earlier. This Court concluded, as represented by the findings within the Order dated November 7, 2025, that the Plaintiffs' efforts to serve the Defendant was not with the requisite diligence required by Georgia law to make it timely.

1

Rather than simply appealing that ruling, which the Plaintiffs have every right to do, Plaintiffs now asks the Court to reconsider it on the basis of their previous argument that the Court is biased against them due to the Court's alleged bias against their lawyer, Attorney Hale. Their claim in that regard is centered on comments that the Court made at the oral argument on the Defendant's Motion for Summary Judgment. Thus, a little review of the case history is in order.

The Plaintiffs filed a brief in opposition to the Defendant's Motion for Summary Judgment. And, in preparing for oral argument on the Motion for Summary Judgment, the Court read that brief, wherein Attorney Hale wrote (and cited case authority for the proposition) that the issue as to whether the Plaintiffs exercised due diligence in their efforts to serve the Defendant with process was a question of fact for the jury to decide. This argument was interesting and very strange. In the Presiding Judge's 35 years as a member of the State Bar of Georgia, 23 which have been as a judge at the State and Federal level, it had always been his understanding that the issue of diligence in service efforts was one for the Court, not for a jury. But, as the Plaintiffs cited case precedent for this proposition, the Presiding Judge read the cited authority to see if the Plaintiffs might be right (and whether the Presiding Judge might be wrong). Upon reading the case, it was clear that it was the Plaintiffs (or rather, Attorney Hale) who were wrong. As the Defendant pointed out in his Reply Brief, an overwhelming number of the cases

cited throughout the Plaintiffs' Brief in Opposition to the Motion for Summary Judgment either were completely fabricated/hallucinated or did not stand for the proposition for which they were cited. In other words, they were fake.

At the ensuing oral argument, Attorney Hale's explanation for the situation was just as bad: she admitted that the original brief she filed included many misrepresentations, but she contended her only mistake was filing the wrong brief. Attorney Hale represented to the Court that the original brief was drafted by her daughter (who does not appear to be an attorney) using AI. Attorney Hale contended that her daughter was helping her, as Attorney Hale was indisposed due to health issues of a friend. Attorney Hale contended that she had prepared another, real brief without false or fraudulent cases, but that she mistakenly filed with the Court the one that her daughter drafted for her that contained the AI hallucinations.

This explanation was concerning to the Court. Not only had Attorney Hale filed a brief which was rife with misstatements of the law, but also she was admitting that she had her non-attorney daughter draft it for her. The Presiding Judge certainly did express his belief that her actions may have violated Rule 11 of the Federal Rules of Civil Procedure. Additionally, at that hearing the Presiding Judge also articulated that he was particularly surprised that Attorney Hale would submit such a grievously fraudulent pleading given a previous occasion where Attorney Hale, then as a

plaintiff in a case, had provided testimony in a jury trial before the same Presiding Judge that she later admitted was misleading and/or untrue.

The argument on the merits of the Motion for Summary Judgment fared no better for the Plaintiffs, as it was clear that the Court likely would grant the Defendant's motion, although the Court reserved ruling.  The Court also issued a show cause notice on September 8th of a possible Rule 11 violation by Attorney Hale and scheduled a hearing thereon to occur on September 29, 2025. Coincidentally (or not), the Plaintiffs thereafter filed a Motion to Recuse the Presiding Judge.  The Court denied that motion in an order dated September 23, 2025.

The Rule 11 Show Cause hearing wasn't particularly illuminating in explaining how the bad brief with fraudulent case cites came about, as Attorney Hale presented no evidence, such as having her daughter testify about the drafting of the brief. She also declined to make much of an argument in her defense, claiming she would rest on the record.  Her basic position and tone were that the Presiding Judge was being unfair and that this was much ado about nothing.  The Court issued an order on October 28, 2025, finding that Attorney Hale had, indeed, committed a Rule 11 violation.  The Court exercised its discretion not to levy a fine against Attorney Hale, but did sanction her by requiring her to notify exiting clients of the violation

4

and also requiring her to file a notice of the violation in any case in which she appeared as counsel in the Northern District of Georgia for the next 5 years.

On November 7, 2025, the Court finally issued its written ruling on the Motion for Summary Judgment. In its order, the Court agreed with the Defendant that the Plaintiffs had not been diligent in their efforts to serve the Defendant, such that their service on him 22 days after the expiration of the statute of limitations did not relate back pursuant to Georgia law.

The Plaintiffs' Motion for Reconsideration of the Order Granting Summary Judgment is largely a repackaging of the arguments which the Plaintiffs previously have made that the Presiding Judge should have recused himself and why the Defendant wasn't entitled to summary judgment on the service issue. What is new, however, it that the Plaintiffs point to a recent complaint lodged against Attorney Hale by the State Bar of Georgia regarding her filing of the AI infected brief with the Court. The Plaintiffs claim that the Presiding Judge filed a bar complaint against Attorney Hale, which allegedly further supports their position that the Presiding Judge should not have decided the merits of the Motion for Summary Judgment.

It is true that the Court did notify the State Bar of Georgia about the violation of Rule 11 by Attorney Hale and sent the State Bar the Rule 11 Order. Further, in responding to a request from Russ Willard of the State Bar of Georgia, the Court

also sent to Mr. Willard an excerpt from the previous matter where Attorney Hale was the plaintiff and had testified untruthfully before a federal jury.

In hindsight, perhaps it would have been more advisable for the Court not to have sent the Rule 11 Order to the State Bar until after the forthcoming appeal in this case is decided. But, at the time that the Court sent the order to the State Bar, it had already issued summary judgment to the Defendant, there were no pending matters in this case, and the case had been terminated in the Court's records. In the Court's view, the actions of Attorney Hale of filing a brief loaded with hallucinated cases and incorrect statements of the law (in addition to having a non-attorney draft the brief) in an effort to convince the Court to rule in favor of the Plaintiffs on the Motion for Summary Judgment warranted investigation by the State Bar. Honesty of attorneys appearing before the Federal and State courts of Georgia is not a trivial matter. The Court was also mindful of Rule 8.3(a) of the Code of Professional Conduct applicable to lawyers in this state, which states that "[a] lawyer having knowledge that another lawyer has committed a violation of the Georgia Rules of Professional Conduct that raises a substantial question as to that lawyer's honesty, trustworthiness or fitness as a lawyer in other respects, should inform the appropriate professional authority." Given that appeals can take anywhere from 6 months to a year or longer to get a ruling, giving notice to the State Bar of this issue when the Presiding Judge did seem appropriate.

This Court denies the Plaintiffs' Motion for Reconsideration and Motion to Vacate Judgment. It contains the "same old - same old" allegations, supplemented only by the additional fact that the Court forwarded its Order on the Rule 11 violations to the State Bar, an act that the Presiding Judge believed he was obligated by ethical considerations to do.

In closing, it's not lost on the Court that the filing of this current motion drips with irony, as the Plaintiffs are arguing that the Presiding Judge cannot be fair (or that at least the situation presents an appearance of a conflict of interest). Yet, the Plaintiffs seek another ruling from the Presiding Judge, which is seemingly acceptable -- as long as it's in their favor. They can't have it both ways. In any event, the best course going forward is for this matter to end in the District Court and for the Plaintiffs to take their grievances to the Eleventh Circuit Court of Appeals. If the Circuit Court agrees with the Plaintiffs and disagrees with this Court's judgment, either in how it handled this matter procedurally or in how it resolved the Motion for Summary Judgment, that is ok. This Court has no interest in this case, other than it should be decided fairly pursuant to the substantive law and consistent with the Federal Rules of Civil Procedure.

IT IS SO ORDERED, this 5th day of December, 2025.

_William M. Ray, II_
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE